# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KAITLYN CALAWAY, a minor, <br> by Natural Mother and Next Friend, <br> KATHLEEN CALAWAY, <br><br>       Plaintiffs, <br><br> v. <br><br> JODI SCHUCKER, M.D., <br><br>       Defendant. | No. 02-2715-STA |

___

# ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
___

Before the Court is Defendant Jodi Schucker, M.D.'s Motion for Summary Judgment (D.E. # 80). For the reasons set forth below, the Motion is **DENIED.**

## BACKGROUND

This is a medical malpractice action in which jurisdiction is conferred upon the Court solely by the diversity of the parties pursuant to 28 U.S.C.A. § 1332. Plaintiff Kaitlyn Calaway ("Plaintiff"), a minor, alleges that she suffered severe permanent injuries as a result of medical malpractice during labor and delivery on February 20, 1996. Plaintiff filed a previous medical malpractice action in state court in 1997 against Shelby County Health Care Corporation d/b/a Regional Medical Center, and the University of Tennessee Medical Group ("UT Medical Group"). Jodi Schucker, M.D. ("Defendant"), an employee of UT Medical Group and the physician who treated Plaintiff, was not named in the original suit, which the parties eventually settled.

Plaintiff filed the instant suit against Defendant on September 13, 2002. Defendant sought summary judgment because suit commenced beyond the three-year statute of repose provided under Tennessee law at Tennessee Code Annotated § 29-26-116(a)(1). The Court denied Defendant's Motion citing Tennessee case law holding that the statute of repose was tolled during a party's minority.[1] Nevertheless, the Court certified four questions of law to the Tennessee Supreme Court to seek clarification on the matter.[2] For purposes of the Motion before the Court, the third and fourth certified questions are most relevant:

> 3. Is the three year statute of repose for medical malpractice in Tennessee Code Annotated § 29-26-116, which contains no exception for minority, tolled during a Plaintiff's minority?
>
> 4. Is a physician defendant denied equal protection of the law wherein an exception to the statute of repose contained in Tennessee Code Annotated § 29-26-116 is created for minority in medical malpractice cases, while no similar exception exists in product liability and construction cases?

After reviewing the briefs and hearing oral arguments, the Tennessee Supreme Court initially ruled that a child's minority did not toll the statute of repose in medical malpractice actions, thereby reversing the holdings in a series of previous Tennessee cases.[3]

However, Plaintiff filed a Petition for Rehearing urging the Tennessee Supreme Court to apply its ruling prospectively.[4] Plaintiff contended that prospective application would be fairer

---

[1] Order Granting in Part and Denying in Part Defendant's Mot. Summ. J., Aug. 4, 2004.

[2] Order Certifying Questions of State Law to the Supreme Court of Tennessee, Nov. 24, 2004.

[3] *Calaway v. Schucker*, No. M2004-02856-SC-R23-CQ, (Tenn. Dec. 9, 2005).

[4] Plaintiff's Petition for Rehearing.

to those who had brought suit in reliance on the earlier cases holding that the statute of repose was tolled during minority. Prospective application would also allow Plaintiff's own case to proceed. Upon rehearing the matter, the Tennessee Supreme Court amended its ruling: "(T)o avoid undue hardship to potential plaintiffs who have relied upon the *Bowers* rule, the new rule we announce today is to have prospective application only. Therefore, for cases commenced on or before December 9, 2005, we hold that the plaintiff's minority tolls the medical malpractice statute of repose."[5] According to the Tennessee Court's ruling then, Plaintiff's claim was not time barred.

In the instant Motion for Summary Judgment, Defendant now argues that the prospective application of the Tennessee Supreme Court's newly adopted rule on the statute of repose presents constitutional problems. First, Defendant contends that a judicially-created exception to the statute of repose usurps legislative authority and violates the Separation of Powers doctrine. Only the Tennessee Legislature has authority to amend the statute of repose and make the policy judgments attending such changes. Furthermore, Tennessee's statute of repose was constitutional and unambiguous leaving even the Tennessee Supreme Court without authority to alter or amend it. Defendant also argues that retroactive, not prospective, application of a judicial interpretation is the constitutional norm. Any other outcome also violates the Separation of Powers doctrine. Otherwise courts would arbitrarily decide when new rules are to be effective rather than give laws "the effect intended by the legislature on the date intended by the

---

[5] *Calaway v. Schucker*, 2005 Tenn. LEXIS 1061 (Tenn. Dec. 9, 2005)(amended on rehearing Feb. 21, 2006).

legislature," that is, the date the statute became law.[6]  Therefore, with few exceptions, only retroactive application of a new rule is constitutional.

The second constitutional error Defendant assigns to the Tennessee Supreme Court's ruling is a violation of her due process interests in the protection of the statute of repose. Defendant argues that she has a vested property interest in the statute of repose, namely, in her "legal exemption from any claims governed by a statute of repose that has expired."[7]  The Law of the Land Clause of the Tennessee Constitution and the Due Process Clauses of the Fifth and the Fourteenth Amendments ensures that no legislation can take away an interest in a statute of repose once that interest has vested. According to Defendant, her interest vested on February 20, 1999, or three years after the alleged injury to Plaintiff. The same due process principles and the Constitution of the state of Tennessee also prohibit the state from passing retrospective laws which would impair a vested right. The Tennessee Supreme Court's rule on the tolling of the statute of repose for minors would amount to a retrospective law by reviving expired claims against Defendant and others similarly situated. At the very least, Defendant contends that due process requires Plaintiff to prove actual reliance on an earlier case holding that the statute of repose was tolled during minority.

Finally, Defendant argues that just as the new rule violates her due process rights, the rule would deprive Defendant of equal protection of the laws. More specifically, Defendant points out that the Tennessee courts have declined to toll the statute of repose during minority in cases involving products liability, construction liability, and land surveyors. In other words,

---

[6] Def.'s Mot. Summ. J. 11.

[7] *Id*. at 12.

"only physicians and healthcare providers sued on or before December 9, 2005, are denied the protection created by the statute of repose."[8] While Defendant acknowledges that this classification is subject only to the rational basis test, the new rule furthers no legitimate governmental objective. On the contrary, Defendant argues that the state interest in the statute of repose is to limit medical malpractice actions brought against the state's physicians, not expand their exposure. Therefore, Defendant urges the Court to set aside the answers to the certified questions provided by the Tennessee Supreme Court and grant the Motion for Summary Judgment.

In opposition to the Motion, Plaintiff points out that Defendant raised many of the same issues presented in the instant Motion in her Petition for Rehearing, which the Tennessee Supreme Court denied.[9] First, Plaintiff argues that the prospective application of the tolling rule is not a new rule. In fact, prior to the Tennessee Supreme Court's ruling in this case, other courts examining the tolling of Tennessee's statute of repose in medical malpractice cases during minority had held that the claims were tolled. In reality, the rule announced by the Tennessee Supreme Court, that is, that medical malpractice claims are not tolled during minority, is the new rule. Thus, there is no new rule being applied retrospectively. Additionally, Plaintiff claims that prospective application of a judicial decision is consistent with Tennessee as well as United States Supreme Court precedent. As to Defendant's arguments concerning the decision the Tennessee Supreme Court has reached, Plaintiff contends that the federal court must accept the state court's answers to certified questions because the state courts are the final authority on

---

[8] *Id*. at 16.

[9] *Calaway v. Schucker*, No. M2004-02856-SC-R23-CQ, (Tenn. Apr. 18, 2006).

state law.

## LAW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[10] When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[11]

### I. Certified Questions

A district court sitting in diversity is required to apply the law of the appropriate state as it has been determined by the highest court of that state.[12] When the courts of the forum have not answered a particular question of law, it is the federal court's job to predict how the forum state's highest court would rule on a matter.[13] To aid the federal courts in this task, Tennessee like all of the states in this Circuit has created a process where federal courts may certify questions to the highest court of the state. The Rules of the Tennessee Supreme Court set forth the process by which federal courts may certify questions of law:

> The Supreme Court may, at its discretion, answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a District Court of the United States in Tennessee, or a United States Bankruptcy Court in Tennessee. This rule may be invoked when the certifying court determines that, in a

---

[10] Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1989).

[12] *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Gahafer v. Ford Motor Co.,* 328 F.3d 859, 861 (6th Cir.2003).

[13] *O'Mara v. Town of Wappinger*, 485 F.3d 693, 698 (2d Cir. 2007) (citing *DiBella v. Hopkins,* 403 F.3d 102, 111 (2d Cir.2005)).

6

proceeding before it, there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee.[14]

Certification procedures like the one in Tennessee serve several important policy objectives for the federal judiciary. Certification provides the most reliable authoritative source for resolving questions of state law raised in federal diversity matters.[15] In other words, federal courts do not have to speculate about how state courts will decide important questions of state law.[16] In this way certification also deters federal court forum shopping.[17] Certification promotes principles of comity as federal courts defer to a state's judgment on issues of state law.[18]

Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice.[19] Once it has certified questions to the state high court, a federal court has no discretion in setting aside the state court's interpretation of state statutes.[20] The Sixth Circuit has put the matter more directly: "state

---

[14] Tenn.Sup.Ct.Rules, Rule 23, § 1.

[15] *Firestone v. Galbreath*, 25 F.3d 323, 325 (6th Cir. 1994).

[16] *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 719 (6th Cir. 1994).

[17] *Firestone*, 25 F.3d at 325.

[18] *Israfil v. Russell*, 276 F.3d 768, 771-772 (6th Cir. 2001) (citing *Engle v. Isaac,* 456 U.S. 107, 128-29, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Murray v. Carrier,* 477 U.S. 478, 491, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

[19] *Israfil*, 276 F.3d at 771-772; *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986); *see also Sifers v. General Marine Catering Co.*, 892 F.2d 386, 391-392 (5th Cir. 1990) (referring to rulings on certified questions as "the law of the case" as well as "the law of this Circuit").

[20] *Hutchison v. Marshall,* 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 744 F.2d 44 (1985).

statutes mean what state courts say they mean."²¹ The federal court should not be in a position to merely disregard a state court's ruling on a certified question as advisory unless the state court allows for that possibility.²² However, Tennessee courts are prohibited from issuing advisory opinions.²³ Not only does this rule ensure that federal courts apply state law correctly, certification protects state sovereignty and promotes federalism. Ignoring a state court's ruling on a certified question would undermine the state's interest in its sovereignty as well as the federal courts' vital interest in the continuance of the certification process.²⁴

As for due process and equal protection claims specifically, in this Circuit "a mere error of state law" is not a denial of due process even if a state court arguably errs in its interpretation of statute law.²⁵ Nor is such an error on its face a denial of equal protection.²⁶

In light of the foregoing, this Court is bound to accept the Supreme Court of the state of Tennessee's interpretation of its own laws. Whenever jurisdiction is conferred on this Court by the diversity of the parties, the Court has a duty to predict how Tennessee courts would rule on

---

²¹ *Hutchison*, 744 F.2d at 46 (citing *Railroad Commissioners v. Pullman*, 312 U.S. 496 (1941) ("The last word on the meaning of [a Texas statute] belongs neither to us nor to the district court but to the Supreme Court of Texas").

²² *Grover*, 33 F.3d at 719.

²³ *State v. Rodgers*, 235 S.W.3d 92 (Tenn. 2007); *City of Memphis v. Shelby County Election Comm'n*, 146 S.W.3d 531 (Tenn. 2004).

²⁴ *Grover*, 33 F.3d at 719.

²⁵ *Hutchison*, 744 F.2d at 46 (citing *Gryger v. Burke*, 334 U.S. 728, 731, 68 S.Ct. 1256, 1257, 92 L.Ed. 1683 (1948) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question").

²⁶ *Id.*

questions of Tennessee law. Where matters do not lend themselves to such predictions, the Tennessee Supreme Court has graciously agreed to accept certified questions. However, this Court and the Tennessee Court employ the certification system with the understanding that the Tennessee Supreme Court's rulings "will be determinative of this cause."[27] This Court retains no authority to review or amend the answers to its certified questions even if the Court were to disagree or find error with the opinions of the Tennessee Supreme Court. Therefore, the Court must rely on what the state of Tennessee says its own medical malpractice statute means.

Applying these principles to Defendant's Motion for Summary Judgment, the Court concludes that Plaintiff maintains a viable cause of action. The Tennessee Supreme Court announced in its answer to this Court's certified question that the medical malpractice statute of repose found at Tennessee Code Annotated § 29-26-116 is tolled during a plaintiff's minority where the case was filed prior to December 9, 2005.[28] In so doing, the Tennessee Supreme Court recognized that its ruling might create "undue hardship to potential plaintiffs who have relied upon the *Bowers* rule."[29] As a result, Tennessee public policy required, in the Tennessee Court's judgment, the prospective application of the new rule that medical malpractice claims were not tolled during a plaintiff's minority. Therefore, Plaintiff's case must go forward.

---

[27] Order Certifying Questions of State Law, Nov. 24, 2004. *See Grover*, 33 F.3d at 719 ("Having represented to the Ohio Supreme Court that its answer would be dispositive of the case, the district court was bound to follow state law as declared in the answer").

[28] *Calaway v. Schucker*, 2005 Tenn. LEXIS 1061 (Tenn. Dec. 9, 2005) (amended on rehearing Feb. 21, 2006).

[29] *Id*. In *Bowers v. Hammond*, 954 S.W.2d 752 (Tenn. Ct. App. 1997), the Tennessee Court of Appeals held that Tennessee's medical malpractice statute of repose did not supersede or suspend the operation of the legal disability statute, which tolls the limitations period for minority by allowing the plaintiff to bring a lawsuit within the first year of his or her majority.

9

## II. Tennessee Constitutional Claims

Defendant's Motion invites the Court to consider state and federal constitutional challenges to the Tennessee Supreme Court's decision. Defendant has raised a number of constitutional objections to the Tennessee court's ruling on the certified questions including violation of the separation of powers doctrine, due process violations, and an equal protection claim.

### A. *Separation of Powers Doctrine*

The Court must restate the rule that in diversity matters a district court is required to apply the law of the appropriate state as it has been determined by the highest court of that state.[30] The Court has no authority to review for error the state courts' answers to certified questions interpreting state law, and so this Court will not disturb or second-guess a ruling of the Tennessee court on matters of Tennessee law.

For these reasons, the Court declines to consider Defendant's argument that the Tennessee Supreme Court violated the separation of powers doctrine of the Tennessee constitution. While the Tennessee Court did not specifically address the separation of powers doctrine in its written answer to the certified question, the Court finds that its written opinion is entitled to the highly deferential standard mandated in this Circuit for a state court's answer to a certified question. That written answer taken as a whole shows that the Tennessee Court implicitly found that its actions did not violate the separation of powers doctrine. The Tennessee Court set forth its proper role in statutory construction, namely "to ascertain and give effect to

---

[30] *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Gahafer v. Ford Motor Co.,* 328 F.3d 859, 861 (6th Cir. 2003).

the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope."[31] Applying that standard to the medical malpractice statute of repose in this case, the Tennessee Court stated, "We emphasize that our holding here is an attempt to ascertain and apply the Legislature's intent in passing the medical malpractice statute of repose, and our analysis relies on the plain meaning of the terms employed by the General Assembly to compose the statute."[32] The Tennessee Court went on to cite a plethora of Tennessee cases in support of these principles of proper statutory interpretation. Perhaps most importantly, as this is the key to Defendant's separation of powers argument, the Tennessee court cited precedent for its decision to apply the new rule on the statute of repose prospectively "in order to avoid undue hardship to potential plaintiffs who have relied upon the *Bowers* rule."[33] Therefore, the Court must defer to the Tennessee Court's implicit finding that its ruling did not violate Tennessee's separation of powers doctrine.

### B. *Equal Protection*

For similar reasons the Court also declines to consider Defendant's state equal protection claim. The Tennessee Supreme Court explicitly analyzed Defendant's equal protection claim in its response to this Court's fourth certified question. The Tennessee Court ruled that Defendant's contention that the prospective application of the new rule is a violation of her equal

---

[31] *Calaway v. Schucker*, 2005 Tenn. LEXIS 1061 (Tenn. Dec. 9, 2005) (amended on rehearing Feb. 21, 2006) (quoting *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002)).

[32] *Id*. at 8.

[33] *Id.* (citing *Marshall v. Marshall*, 670 S.W.2d 213, 215 (Tenn. 1984) ("In civil cases retrospective application of a decision overruling an earlier decision ordinarily is denied only if such an application would work a hardship upon those who have justifiably relied upon the old precedent" ).

11

protection rights, had "no merit."[34]  In its ruling, the Tennessee Supreme Court stated, "We have consistently held that the state equal protection guarantee is co-extensive with the equal protection provisions of the Fifth and Fourteenth Amendments of the U.S. Constitution."[35]  The Tennessee Supreme Court concluded that Defendant presented no fundamental right or suspect classification, and so only rational basis scrutiny applied.  Under the circumstances, Defendant had failed to show how her equal protection rights had been harmed.  Therefore, the Court defers to the conclusions of Tennessee law drawn by the Tennessee Supreme Court and rules that Defendant has failed to state an equal protection claim.

### C. Due Process Rights

Defendant next argues that the Tennessee Supreme Court's ruling on the statute of repose violates her due process rights.  Defendant contends that her vested interest in the statute of repose is protected by the Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution and the similar guarantees in the Tennessee Constitution's Law of the Land Clause.  As a preliminary matter, the Court must make clear that none of its certified questions concerned Defendant's due process rights under Tennessee law.  Therefore, the highly deferential standard for rulings on certified questions is not applicable to this issue.  Instead the Court must exercise its diversity duties set forth in *Erie* to discern what the law of Tennessee is and apply it to the facts presented.

The Law of Land Clause of the Tennessee Constitution states that no person "shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or

---

[34] *Id.*

[35] *Id*. (citing *Tenn. Small Sch. Sys. V. McWherter*, 851 S.W.2d 139, 152 (Tenn. 1993).

12

in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land."[36] Tennessee courts have recognized that the due process provided by the Law of the Land Clause and the Fourteenth Amendment are co-extensive.[37] Nevertheless, Tennessee courts also have the liberty "to expand the minimum level of protection mandated by the federal constitution."[38]

The Court finds that under Tennessee law, Defendant's due process rights have not been violated because Defendant did not have a vested right. While "a defendant has a vested right in a statute of repose if the triggering event has occurred and the time expired," Defendant's right in the medical malpractice statute of repose never vested under Tennessee law.[39] The Court finds the due process analysis of the Tennessee Court of Appeals in *Wyatt v. A-Best Products Co.* to be persuasive.[40] In *Wyatt*, the Tennessee Court of Appeals ruled that not even the state legislature could amend the products liability statute and create an exception to the ten-year statute of limitations for asbestos cases. Interestingly, the *Wyatt* plaintiffs' applicable period of

---

[36] Tenn. Const. art. I, § 8.

[37] *Daugherty v. State,* 393 S.W.2d 739, 743 (Tenn. 1965).

[38] *Doe v. Norris,* 751 S.W.2d 834, 838 (Tenn.1988) (citing *Miller v. State,* 584 S.W.2d 758, 760 (Tenn.1979).

[39] *Wyatt v. A-Best Products Co.*, 924 S.W.2d 98, 104 (Tenn. Ct. App. 1995), *aff'd* 910 S.W.2d 851 (Tenn. 1995).

[40] Although *Wyatt* was a decision of the Tennessee Court of Appeals, it was affirmed on appeal to the Tennessee Supreme Court. Furthermore, in this Circuit, "If the highest court has not spoken, the federal court must ascertain from all available data what the state law is and apply it. If the state appellate court announces a principle and relies upon it, that is a datum not to be disregarded by the federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Clutter v. Johns-Manville Sales Corp.,* 646 F.2d 1151, 1153 (6th Cir.1981).

13

repose had actually expired one year <u>before</u> the asbestos exception was created by the legislature and eleven years before plaintiffs filed suit. In other words the Tennessee legislature amended a statute to revive a cause of action which had previously been extinguished, which the *Wyatt* court determined was a violation of the due process provisions of the Tennessee Constitution.

The situation presented in this case is markedly different. Rather than the legislature acting to revive expired claims, which were then brought eleven years after the period of repose had ended, the Tennessee Supreme Court <u>reversed</u> prior case law that stood for the proposition that medical malpractice causes of action were tolled during a plaintiff's minority. There were at least four such cases where Tennessee courts as well as the United States District Court for the Eastern District of Tennessee all ruled that medical malpractice claims were tolled during the minority of a plaintiff.[41] Those earlier cases developed the tolling rule because they were attempting to reconcile the three-year statute of repose in the Tennessee medical malpractice statute with the general legal disability tolling statute for the claims of a minor. Over time, the tolling rule had gained enough force that the Tennessee Supreme Court could write

> Because *Bowers* has been the law in this state since 1997, and because the General Assembly has made no effort to amend the three-year statute of repose since *Bowers* to remove the implied exception for minority, we recognize that the bench, bar, and the public in general may have various reliance interests in its holding. Accordingly, we limit the precedential weight of that opinion to its explicit holding that the three-year medical malpractice statute of repose is tolled during the minority of the plaintiff.[42]

It is not surprising then that the Tennessee Supreme Court announced that its new rule would be

---

[41] *Parlato v. Howe*, 470 F. Supp. 996 (E.D. Tenn. 1979); *Braden v. Yoder*, 592 S.W.2d 896 (Tenn. Ct. App. 1979); *Adkins v. Martin*, slip op. (Tenn. Ct. App. Mar. 28, 983); *Bowers v. Hammond*, 954 S.W.2d 752 (Tenn. Ct. App. 1997).

[42] *Penley v. Honda Motor Co., Ltd.*, 31 S.W.3d 181, 188 (Tenn. 2000) (holding that ten-year statute of repose in products liability act not tolled during periods of mental incompetency).

14

applied prospectively "in order to avoid undue hardship to potential plaintiffs who have relied upon the *Bowers* rule." Thus, if *Bowers* set forth what was in fact the accepted rule prior to this case, then Defendant's right in the statute of repose was not recognized under Tennessee law until the Tennessee Supreme Court issued its ruling on the certified questions on December 9, 2005. Therefore, the Court finds that pursuant to Tennessee law, Defendant's interest in the statute of repose had never vested before December 9, 2005, and so nothing in the Tennessee Supreme Court's ruling deprived Defendant of her due process rights.

### III. Federal Constitutional Claims

In this case, Defendant has argued that the decision of the Tennessee Supreme Court violates the separation of powers doctrine, the due process clause, and the equal protection guarantees of both the U.S. and the Tennessee Constitutions. Not only is this Court bound to apply the law of the state of Tennessee in a diversity matter, federal courts generally avoid reaching federal constitutional questions where a case may be decided on state law grounds.[43] "When a state offers full protection to a federal right, state law necessarily disposes of the constitutional question because discussion of the federal requirement would be academic."[44] As cited above, the Tennessee courts have consistently held that the due process and equal protection guarantees of the U.S. and the Tennessee Constitutions are co-extensive.[45] Because

---

[43] *Bell v. Maryland,* 33 F.3d 716, 237, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964) (citing *Murdock v. City of Memphis*, 87 U.S. 590 (1874)).

[44] *DiBella v. Hopkins*, 403 F.3d 102, 111 (2d Cir. 2005) (citing *Oregon v. Hass,* 420 U.S. 714, 719, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975)).

[45] *Tenn. Small Sch. Sys. V. McWherter*, 851 S.W.2d 139, 152 (Tenn. 1993) (equal protection); *Daugherty v. State,* 393 S.W.2d 739, 743 (Tenn. 1965) (due process).

the Tennessee Constitution is fully-protective of these federal rights, the Court concludes that Tennessee law is dispositive of the constitutional questions raised by Defendant. Therefore, the Court declines to consider the federal constitutional issues.

## CONCLUSION

On the issue of the timeliness of the Plaintiff's claims, the Court finds that as a federal court exercising its diversity jurisdiction, it must accept the Tennessee Supreme Court's ruling on a certified question without exception or review. Therefore, the Court will apply the decision of the Supreme Court of Tennessee which explicitly ruled that "(f)or all cases commenced on or before December 9, 2005, we hold that the plaintiff's minority tolls the medical malpractice statute of repose." In this matter Plaintiff's case is not barred by the Tennessee medical malpractice statute's three-year statute of repose.

On the constitutional challenges to the Tennessee Supreme Court's decision, the Court finds that the rule adopted by the Tennessee Court did not infringe upon any provisions of the Tennessee Constitution. First, the Tennessee Court's ruling already addressed Defendant's separation of powers and equal protection arguments, and consistent with the rule of this Circuit, the Tennessee Court's rule is entitled to deference. Second, the Court concludes that Defendant suffered no violation of her due process because under Tennessee law her right in the statute of repose had not vested before December 9, 2005. Finally, the Court declines to consider the federal constitutional challenges to the Tennessee Supreme Court's ruling due to the fact the questions were fully answered on state law grounds.

Therefore, the Motion is **DENIED**.

**IT IS SO ORDERED.**
            s/ S. Thomas Anderson

S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 11th, 2008.