IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **KAITLYN CALAWAY, a minor,** ) | |
| by Natural Mother and Next Friend, ) | |
| **KATHLEEN CALAWAY,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 02-2715-STA |
| ) | |
| **JODI SCHUCKER, M.D.,** ) | |
| ) | |
| **Defendant.** ) | |

_____

**ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR
SUMMARY JUDGMENT**
_____

Before the Court is Defendant Jodi Schucker, M.D.'s Renewed Motion for Summary Judgment (D.E. # 111) filed on May 13, 2009. Plaintiffs responded in opposition to the Motion on June 1, 2009. For the reasons set forth below, the Motion is **GRANTED.**

**BACKGROUND**

This is a medical malpractice action in which jurisdiction is conferred upon the Court solely by the diversity of the parties pursuant to 28 U.S.C.A. § 1332. Plaintiff Kaitlyn Calaway, a minor, alleges that she suffered severe permanent injuries as a result of medical malpractice during labor and delivery on February 20, 1996. Plaintiffs filed a previous medical malpractice action in state court in 1997 against Shelby County Health Care Corporation d/b/a Regional Medical Center and the University of Tennessee Medical Group ("UT Medical

1

Group"). Jodi Schucker, M.D. ("Defendant"), the physician who treated Plaintiff and a then-employee of UT Medical Group, was not named in the original suit, which the parties eventually settled prior to trial. The state court's order of dismissal with prejudice as to defendant UT Medical Group, Inc. "specifically exclude[d] any causes of action against Dr. Jodi Schucker, individually" among other parties.[1]

Plaintiffs filed the instant suit against Defendant on September 13, 2002. On October 11, 2002, Defendant filed a motion for summary judgment on several grounds including an argument that the instant suit was barred as *res judicata*. Applying Tennessee law, United States District Judge J. Daniel Breen ruled that Defendant had failed to carry her burden because Defendant could not show that Plaintiffs' state court action against UT Medical Group had concluded "on the merits."[2] Under then Tennessee precedent, a voluntary dismissal with prejudice or consent judgment was not considered a judgment on the merits. Therefore, the Court denied Defendant's Motion in an order dated August 4, 2004.

Defendant has now renewed her Motion for Summary Judgment and asks the Court to reconsider its previous ruling as to the *res judicata* issue in light of an intervening change in Tennessee case law. Defendant cites the 2006 case of *Gerber v. Holcomb* for the proposition that a consent judgment is now a "final judgment on the merits" for purposes of *res judicata*.[3] Defendant contends that Plaintiffs' settlement with UT Medical Group operates as a final judgment on the merits and satisfies that requirement for the application of *res judicata*.

---

[1] Def.'s Mot. Summ. J., ex. 1.

[2] Order Granting in Part, Denying in Part Def.'s Mot. Summ J., August 4, 2004.

[3] 219 S.W.3d 914 (Tenn Ct. App. 2006).

Furthermore, Defendant argues that she was in privity with UT Medical Group which was her employer at the time of the incidents giving rise to Plaintiffs' claims against her. Because Plaintiffs recovered against UT Medical Group under the vicarious liability theory of *respondeat superior*, Plaintiffs cannot now in turn recover against Defendant, UT Medical Group's employee, for the same torts. Alternatively, Defendant argues that Plaintiffs waived their claims against Defendant by failing to join her as a party in the state court action against UT Medical Group. Under Tenn. R. Civ. P. 19.01 joinder was compulsory in keeping with Tennessee's law on comparative fault. For these reasons, Defendant requests summary judgment as to all of the claims against her.

Plaintiffs have responded in opposition to Defendant's Renewed Motion for Summary Judgment. First, Plaintiffs argue that a voluntary order of dismissal even one including the phrase "with prejudice" is simply a nonsuit and has no preclusive effect under Tennessee law. Plaintiffs distinguish the Tennessee Court of Appeals' ruling in *Gerber* by arguing that *Gerber* did not involve a voluntary dismissal and that any reference in the decision to voluntary dismissals is at best dicta. Next, Plaintiffs contend that under Tennessee law, an employer and an employee are jointly and severally liable for the negligent acts of the employer. As a result, each can be sued jointly or separately. Tennessee's adoption of comparative fault has done nothing to disturb the rule of joint and several liability in cases where the employer is held liable under the doctrine of *respondeat superior*. For similar reasons, Plaintiffs dispute that Defendant's joinder in the state court case against UT Medical Group was compulsory either under case precedent or Tenn. R. Civ. P. 19.01. Finally, Plaintiffs argue that Tennessee has abandoned the common law rule of exoneration. The order of dismissal with prejudice resolving

3

Plaintiffs' claims against UT Medical Group specifically preserved any claims against Dr. Schucker. Thus, Plaintiffs ask the Court to deny Defendant's Motion.

**STANDARD OF REVIEW**

Because Defendant's renewed Motion was filed several years after the order which she asks the Court to reconsider, the Court must consider the Motion pursuant to Rule 60(b).[4] Rule 60(b) permits a court to "relieve a party... from a final judgment, order, or proceeding" under certain circumstances.[5] Paragraph (5) of Rule 60(b) allows such relief where the previous order was "based on an earlier judgment that has been reversed or vacated" or "applying [the previous order] prospectively is no longer equitable."[6] These circumstances include intervening changes in case law such as the one Defendant has argued here.[7]

A motion brought under Rule 60(b)(5) may be brought simply "within a reasonable time."[8] In this instance, the intervening change in law announced in *Gerber* was decided in December 2006, and the instant Motion was filed on May 13, 2009. The Sixth Circuit has ruled

---

[4] Rule 59(e) provides that parties can file a motion to alter or amend a judgment, commonly referred to as a motion to reconsider, within ten days of entry of that judgment. Fed. R. Civ. P. 59(e). Thus, Rule 59 does not apply here due to the length of time since the order to be reconsidered.

[5] Fed. R. Civ. P. 60(b).

[6] Fed. R. Civ. P. 60(b)(5).

[7] *E.g., Agostini v. Felton*, 521 U.S. 203, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997); *Doe v. Briley*, 563 F.3d 777, 781 (6th Cir. 2009); *Assoc. Builders & Contractors v. Mich. Dept. of Labor & Econ. Growth*, 543 F.3d 275, 278 (6th Cir. 2008).

[8] Fed. R. Civ. P. 60(c)(1).

that what constitutes "reasonable time" is a fact-specific inquiry to be answered on a case-by-case basis.[9] The Court should consider the following factors: the length and circumstances of delay in filing, prejudice to the opposing party by reason of the delay, and circumstances warranting equitable relief.[10]

The Court finds that Defendant has filed her Motion within a reasonable time for purposes of Rule 60. First, the length of the delay between the *Gerber* decision and the filing of the Motion now before the Court was twenty-nine months, or almost two and one-half years. In her Motion, Defendant has not explained the reasons for the delay in raising the change in intervening law. However, the Court notes that the parties requested and the Court granted a stay of the proceedings in this case on January 24, 2007, pending the Tennessee Supreme Court's response to a certified question of law in another case (D.E. # 90). At the time of the stay, Defendant's second motion for summary judgment (D.E. # 80) was pending before the Court. The stay was not lifted until April 16, 2008 (D.E. # 93). The Court went on to enter its order denying Defendant's second motion for summary judgment on June 11, 2008 (D.E. # 99). There was no other activity in this matter until Plaintiffs filed their motion for partial summary judgment (D.E. # 101) with the Court on March 10, 2009. The Court finds that the stay in proceedings accounts for fifteen (15) of the twenty-nine (29) months of the delay. Two (2) more months of the delay were attributable to the Court's ruling on Defendant's second motion for summary judgment. Therefore, the delay itself amounts to twelve months, or one year.

As for prejudice, the Court finds none. Plaintiffs have not argued that reconsideration

---

[9] *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

[10] *Id*. *See also In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003)

5

would cause her prejudice in any way.  In light of the extraordinary length of the proceedings related to the Plaintiffs' claims (Plaintiffs' first state court case was filed in 1997), the Court finds that a delay of one year is not prejudicial.  Plaintiffs have had a full opportunity to oppose the Motion and brief the applicable law.  While it is true that reconsideration might ultimately result in the Court granting Defendant summary judgment against Plaintiffs, this is not the same kind of prejudice that would result had trial already commenced or even concluded with a judgment in Plaintiffs' favor.  In other words, Plaintiffs had no settled expectation or reasonable reliance on a particular outcome in her case.  Consequently, reconsideration will not prejudice Plaintiffs under the circumstances.  Finally, the parties have raised no circumstances warranting equitable relief in this case other than the intervening change in Tennessee law.[11]  The Court finds that it would be inequitable to the parties were the Court to ignore an intervening change in the law.  For these reasons, the Court finds that Defendant has brought her Motion within a reasonable time under Rule 60(c)(1).

In addition to considering the Motion pursuant to Rule 60(b)(5), the Court is mindful that Federal Rule of Civil Procedure 56 governs motions for summary judgment.  Rule 56(c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

---

[11] There is some reason to conclude that this third factor under the Rule 60(b) analysis is most relevant when reconsideration is based solely upon the catch-all provision of Rule 60(b)(6). *Olle,* 910 F.2d at 365 (Rule 60(b)(6) applies in "unusual and extreme situations where principles of equity *mandate* relief") (emphasis in original)).

to a judgment as a matter of law.[12]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[13]  When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[14]  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[15]  These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[16]  When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[17]

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[18]  In this Circuit, "this requires the nonmoving party

---

[12] Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[13] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[14] *Celotex*, 477 U.S. at 324.

[15] *Matsushita*, 475 U.S. at 586.

[16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[17] *Id.* at 251-52 (1989).

[18] *Celotex*, 477 U.S. at 322.

to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[19]  Finally, the "judge may not make credibility determinations or weigh the evidence."[20]  Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[21]

## ANALYSIS

*Res Judicata* is a claim preclusion doctrine that bars subsequent suits between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit.[22]  In this way *res judicata* promotes finality in litigation.[23]  In order to assert *res judicata* as a defense to a subsequent suit, a party must demonstrate that (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action.[24]

The Court holds that Plaintiffs' claims against Defendant are barred by the doctrine of *res judicata*.  As an initial matter, it is undisputed that a court of competent jurisdiction rendered the

---

[19] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[20] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[21] Fed. R. Civ. P. 56(c); *see also Celotex*, 477 U.S. at 322 (1986).

[22] *Richardson v. Tennessee Bd. of Dentistry,* 913 S.W.2d 446, 459 (Tenn.1995).

[23] *Moulton v. Ford Motor Co.,* 533 S.W.2d 295, 296 (Tenn.1976).

[24] *Lien v. Couch*, 993 S.W.2d 53, 55 -56 (Tenn. Ct. App. 1998).

prior judgment in Plaintiffs' state court suit against UT Medical Group. It is further undisputed that both proceedings involved the same cause of action, Plaintiffs' allegations of medical malpractice and demand for recovery for injuries suffered during her labor and delivery at the Regional Medical Center on February 20, 1996. Thus, the first and fourth elements of *res judicata* are met.

The parties disagree over the second and third elements. With respect to the second element, whether the prior judgment was final and on the merits, the Court finds that an intervening change in Tennessee law has occurred. In its August 4, 2004 order, this Court relied on the former rule that *res judicata* applied "only if the prior judgment concluded the rights of the parties <u>on the merits</u>."[25] However, the Tennessee Court of Appeals ruled in *Gerber v. Holcomb* that a consent or agreed judgment of dismissal upon the settlement of a claim is "conclusive" and "operates as *res judicata*."[26] The *Gerber* Court reasoned that *res judicata* required only that there be "a full and fair opportunity to litigate all issues."[27] The Tennessee Court of Appeals also observed that this rule advanced the policy of *res judicata* "to protect individuals from the burden of litigating multiple lawsuits, to promote judicial economy, and to promote the policy favoring reliance on final judgments by minimizing the possibility of inconsistent decisions."[28]

---

[25] Order Granting in Part, Denying in Part Def.'s Mot. Summ J., August 4, 2004, 11 (underline in original).

[26] *Gerber*, 219 S.W.3d at 917-18 (citing case law not just from Texas but also California, New Mexico, North Carolina, and Ohio).

[27] *Id*. at 917.

[28] *Id*. at 918.

9

In light of *Gerber*, the Court holds that the prior settlement Plaintiffs obtained against UT Medical Group and the resulting order of dismissal was final and on the merits for purposes of *res judicata*. Like the consent judgment in *Gerber*, the order of dismissal with prejudice that ended Plaintiffs' prior case against UT Medical Group was the result of a settlement of Plaintiffs' claims against UT Medical Group and not simply a voluntary dismissal. In fact, the order makes no reference to Tenn. R. Civ. P. 41 or voluntary dismissal or nonsuit and specifically states "comes now Plaintiffs and Defendant UT Medical Group, Inc." indicating a joint motion or a motion by consent or stipulation. Such a dismissal is now a final decision on the merits under the Tennessee law announced in *Gerber*. The Court finds that this result is consistent with policies to protect defendants like UT Medical Group from multiple lawsuits, to foster judicial economy, and to promote reliance on final judgments. If the order of dismissal in Plaintiffs' state court case did not have preclusive effect, defendants like UT Medical Group would have no incentive to settle claims before proceeding to trial. Otherwise no judgment based on an order of dismissal would ever be final and on the merits.

Plaintiffs cite Tennessee's long-standing rule that a dismissal "with prejudice" at common law is simply a nonsuit and "does not make out the defense of *res judicata*."[29] The Tennessee cases cited by Plaintiffs were specifically concerned with what preclusive effect, if any, the phrase "with prejudice" carried and discussed the common law origins and justifications for the rule.[30] Thus, the issue presented in those cases was arguably narrower and more technical

---

[29] *Garrett v. Corry Foam Products*, 596 S.W.2d 808, 810 (Tenn. 1980).

[30] *See Garrett*, 596 S.W.2d at 810; *Long v. Kirby-Smith*, 292 S.W.2d 216, 219+ (Tenn. Ct. App. 1956) (discussing differences between courts of equity and courts at law and limits on powers of attorneys to bind their clients).

than the issue presented here, that is, whether a dismissal pursuant to settlement is conclusive and on the merits for purposes of *res judicata*. The Tennessee Supreme Court in *Garrett* summarized the rule on the preclusive effect of a dismissal as follows: "The decisive test is whether the judgment of dismissal was on the merits. If it was not, it is not *res judicata* or a bar; if it was, it is a bar, and the court has no power to say it shall be 'without prejudice' to sue again."[31] While *Gerber* has abrogated the traditional rule that dismissals were not judgments on the merits, the Court finds that *Gerber* is congruent with the "decisive test" quoted in *Garrett*. After *Gerber* a judgment of dismissal is a judgment on the merits. As a result, such a judgment "is a bar and the court has no power to say it shall be 'without prejudice' to sue again." Therefore, the Court concludes that the dismissal of UT Medical Group was a decision on the merits for purposes of *res judicata*.

With respect to the third element, whether the same parties or their privies were involved in both proceedings, the Court finds that Defendant Dr. Schucker is a privy of UT Medical Group. "The concept of privity relates to the subject matter of the litigation."[32] "Privity connotes an identity of interest, that is, a mutual or successive interest to the same rights."[33] Analyzing an identity of interest for purposes of *res judicata* depends on the facts of each case.[34] An employer

---

[31] *Garrett*, 596 S.W.2d at 810 (quoting *Long*, 292 S.W.2d at 221 (Tenn. Ct. App. 1956)).

[32] *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 180 (Tenn. Ct. App. 2000) (citing *Harris v. St. Mary's Med. Ctr. Inc.,* 726 S.W.2d 902, 905 (Tenn.1987); *Shelley v. Gipson,* 400 S.W.2d 709, 712 (Tenn. 1966)).

[33] *Cihlar,* 39 S.W.3d at 180 (citations omitted).

[34] *Hutcherson v. Lauderdale County, Tennessee,* 326 F.3d 747, 759 (6th Cir. 2003) (citing *Cihlar,* 39 S.W.3d at 181).

is vicariously liable in tort for the negligent acts of its employee under a theory of *respondeat superior*.[35] However, "[i]n a situation where a party is trying to b[r]ing suit against a se[rvant] after having [previously filed] against the master on a vicarious liability claim, the servant is in privity with the master."[36] Tennessee courts have long noted the identity of interest between a master and servant where a plaintiff attempts to recover from both based on the vicarious liability of the master under the doctrine of *respondeat superior*.[37]

It is clear here that Defendant is the privy of UT Medical Group. The Court finds the Sixth Circuit case *Hanger Prosthetics* persuasive. In that case plaintiffs sued the defendant-employer for the tortious acts of defendant's employees and won a judgment against the employer. Plaintiffs then brought a second suit against the employees for whose actions the defendant-employer had been found vicariously liable. Under those facts, the Sixth Circuit concluded that the employees were privies of the employer under Tennessee law and plaintiffs' claims against the employees were barred by *res judicata*. Similarly, the Court finds that Dr. Schucker is the privy of UT Medical Group. Just as the plaintiffs in *Hanger Prosthetics*, Plaintiffs in the case before the Court chose to file suit first against the employer UT Medical Group, but not the employee Dr. Schucker. After obtaining a settlement from the employer, Plaintiffs brought suit against Dr. Schucker herself. However, Dr. Schucker has an identity of

---

[35] *Johnson v. LeBonheur Children's Medical Center*, 74 S.W.3d 338, 344 (Tenn. 2002).

[36] *Hanger Prosthetics & Orthotics East, Inc. v. Henson*, 299 Fed. Appx. 547, 556 (6th Cir. 2008) (applying Tennessee law and citing *Shelley v. Gipson*, 400 S.W.2d 709 (Tenn. 1966)). *See also Harris v. St. Mary's Medical Center, Inc.*, 726 S.W.2d 902 (Tenn. 1987).

[37] *E.g. Shelley v. Gipson*, 400 S.W.2d 709 (Tenn. 1966); *Caldwell v. Kelly*, 302 S.W.2d 815 (Tenn. 1957); *Johnson v. Downing*, 1999 WL 1336083 (Tenn. Ct. App. 1999).

interest with, that is "a mutual or successive interest to the same rights" as, UT Medical Group. Therefore, Defendant has established this element of *res judicata*.

Plaintiffs argue that under Tennessee law an employer and employee remain jointly and severally liable even after Tennessee's adoption of comparative fault. The Court agrees that this statement of Tennessee law is correct.[38] From this premise, though, Plaintiffs argue that a plaintiff retains the option to bring separate suits and that a plaintiff bringing a claim involving both a principal and an agent may "sue[] separately or as joint tortfeasors, at the election of the one injured."[39] While this is an accurate statement of the law of joint and several liability, it is also true that where liability is joint and several, a plaintiff may recover "full damages" in one action.[40] "[W]hen a plaintiff sues the joint tort-feasors; *or any number less than all*, for an injury, he is entitled to a verdict for *full compensation against all of the defendants* when he succeeds in convicting them of the wrong."[41] Furthermore, joint and several liability does not suspend the operation of the doctrine of *res judicata*. Where the joint tortfeasors are in privity, a judgment against one will thereafter preclude identical claims against that tortfeasor or its privies.[42] Therefore, Plaintiffs' argument that she is entitled to a separate suit against Dr. Schucker after settling her suit against UT Medical Group is without merit.

---

[38] *See General Elec. Co. v. Process Control Co.*, 969 S.W.2d 914 (Tenn. 1998); *Owens v. Truckstops of Am.,* 915 S.W.2d 420 (Tenn. 1996).

[39] Plaintiffs cite *Williams v. Pritchard*, 306 S.W. 2d 46, 49 (Tenn. Ct. App. 1957).

[40] *Moore v. Chattanooga Elec. Ry. Co.*, 109 S.W. 497, 500 (Tenn. 1907).

[41] *Id*. (emphasis added).

[42] *Id*.

Both parties have argued the applicability of comparative fault principles to this case. Due to the Court's finding that Defendant has established all of the necessary elements to assert the bar of *res judicata*, the Court need not reach this issue.

## CONCLUSION

Having found that Defendant has established all four elements for the application of *res judicata* to Plaintiffs' claims against her, the Court holds that Plaintiffs' suit against Defendant is precluded by their earlier suit against UT Medical Group. It is undisputed that the court rendering Plaintiffs' prior judgment against UT Medical Group was a court of competent jurisdiction and that both proceedings involved the same cause of action for the medical malpractice of Dr. Schucker. The Court has held that the prior judgment against UT Medical Group was final and on the merits and that UT Medical Group and Dr. Schucker were in privity for purposes of both suits. Therefore, Defendant's Motion is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 23rd, 2009.