IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**KAITLYN CALAWAY, a minor,**
**by Natural Mother and Next Friend,**
**KATHLEEN CALAWAY,**

        **Plaintiffs,**

**v.**                                                         **Case 2:02-cv-02715-STA-cgc**

**JODI SCHUCKER, M.D.,**

        **Defendant.**

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE #1 TO PRECLUDE PLAINTIFF FROM DISCLOSING A DOLLAR DEMAND TO THE JURY OR JURY VENIRE AND TO PRECLUDE IMPROPER ARGUMENTS REGARDING THE VALUATION OF THE CASE**

---

Before the Court is Defendant Jodi Schucker, M.D.'s Motion in Limine #1 to Preclude Plaintiff from Disclosing a Dollar Demand to the Jury or Jury Venire and to Preclude Improper Arguments Regarding the Valuation of the Case. (Docket Entry "D.E." #272). The instant motion was referred to the Magistrate Judge for determination. (D.E. #399).

In the instant motion, Defendant requests an order prohibiting Plaintiff, Plaintiff's counsel, or Plaintiff's witnesses from disclosing a dollar demand to the jury or jury venire and to preclude improper references during opening statements and closing arguments regarding the valuation of this case. Defendant argues that Plaintiff's counsel should not be permitted to reference a dollar demand as either a lump sum, a per diem calculation, or a vague reference such as "millions of dollars" or the equivalent. Defendant further argues that Plaintiff's counsel should not be permitted to make

1

improper arguments such as a "Golden Rule" argument that asks the jurors to put themselves in the plaintiff's position or be permitted to suggest that the jury should "send a message" with its decision.

As a threshold issue, Defendant asserts that this question is governed by federal procedural law in a diversity case, while Plaintiff's response primarily relies upon Tennessee state law.[1] The Sixth Circuit has concluded in a federal question case that arguments by counsel, including proposed award estimates and per diem calculations, are a matter of "procedural" law. *Pennsylvania R. Co. v. McKinley*, 288 F.2d 262, 267 (6th Cir. 1961); *see also Padgett v. Southern R. CO.*, 396 F.2d 303, 308-09 (6th Cir. 1968). Additionally, the federal appellate courts that have squarely considered this question when sitting in diversity have concluded that federal law governs.[2] The Court finds that the Sixth Circuit's pronouncement to be instructive and the reasoning of its sister courts to be persuasive. Accordingly, the Court determines that federal procedural law should govern the

---

[1] While Plaintiff's Response (D.E. #289) relies primarily upon Tennessee state law, Plaintiff's Response does not cite to any authority for the proposition that state law should determine what is permissible during opening statement and closing argument in a federal court sitting in diversity.

Additionally, Plaintiff's only citation to federal authority is an unpublished District Court case that applied Tennessee law. *See Bette F. Donathan v. Orthopaedic & Sports Medicine Clinic, PLLC*, 2009 WL 3584263, at *11 (E.D.Tenn. 2009). However, in light of the Sixth Circuit's pronouncement that such questions are a matter of procedure, this Court declines to follow state substantive law.

[2] *See Davis v. Browning-Ferris Indus., Inc.*, 898 F.2d 836, 837-38 (1st Cir. 1990) (concluding that federal procedural law applies in a diversity case to the determination of whether plaintiff's ad damnum can be disclosed in arguments to the jury); *Waldorf v. Shuta*, 896 F.2d 723, 744 (3d Cir. 1990) (concluding that the question of whether plaintiff's counsel may request a specific dollar amount for pain and suffering in his closing remarks is a matter governed by federal law); *VanSkiki v. ACF Indus., Inc.*, 665 F.2d 188, 2100 (8th Cir. 1981) (stating that "[t]he propriety of closing argument is a procedural issue to be determined by federal law"); *Baron Tube Co. v. Transp. Ins. Co.*, 365 F.2d 858, 862 (5th Cir. 1966) (applying federal law in a diversity case and stating with respect to a per diem argument that "the propriety of the argument is a federal question").

2

questions raised in the instant motion.

Turning to the issue of whether Plaintiff's counsel should be permitted to propose a lump sum or per diem non-economic damages request, the Sixth Circuit has explicitly declined to adopt a "procedural blueprint" or "rule of practice." *McKinley*, 288 F.2d at 267. Instead, the Sixth Circuit has opined that "[c]ontrol of the conduct of counsel so as to keep it within the limits of legitimate advocacy is primarily the duty and responsibility of the trial judge." *Id.* Trial judges have discretion to determine what is permissible in opening statements and closing arguments so long as it does not result in a miscarriage of justice or deprive a litigant of a fair trial. *Id.* The Sixth Circuit stated that trial judges have the option to give a "cautionary instruction" advising the jury that per diem estimates and other proposed damage computations were neither "evidence nor exhibits, but were merely the argument of counsel." *Id.* Trial judges also have the discretion, upon appropriate motion, to determine whether a jury's verdict is excessive. *Padgett*, 396 F.2d at 309.

Ultimately, the Sixth Circuit has held that such arguments may be allowed but could rise to the level of error if allowed under inappropriate circumstances. *McKinley*, 288 F.2d at 266-68; *see also Padgett*, 396 F.2d at 308-309; *Baynum v. Chesapeake and Ohio Railway Co.*, 456 F.2d 658, 660-61 (6th Cir. 1972). Key factors that the Sixth Circuit has relied upon are (1) the strength of the evidence of the defendant's liability and (2) whether defendant contested either the nature and character of plaintiff's injuries or their permanent effect on him, both as to his earning capacity and as to his past, present, and future pain and suffering. *McKinley*, 288 F.2d at 268. Because these factors are most easily assessed at the close of proof, the Court finds that the best practice is for Plaintiff not to be permitted to reference them before the jury venire or in opening statement. However, Plaintiff shall be allowed to make a per diem or lump sum request during closing

3

argument if the substance of such an argument is in conformity with the Sixth Circuit's guidance in *McKinley*. Should Plaintiff be uncertain as to whether such an argument is permissible, Plaintiff may request guidance from the District Judge before the closing argument to address any such concerns. Additionally, if such arguments are presented, Defendants have the opportunity to request any jury instructions that they believe will insure that the jury considers arguments of counsel in the proper context.[3]

With respect to vague references to a potential award, such a "millions of dollars" or the equivalent, the Court finds that such a reference is too loosely tied to the evidence to be permissible under *McKinley*, where the Court expected the argument to closely conform to the evidence presented. Thus, vague requests to an award will not be permitted at any phase of the case, including before the jury venire, in opening statement, or in closing argument.

With respect to whether Plaintiff should be permitted to make a so-called "Golden Rule" argument asking the jurors to put themselves into Plaintiff's shoes, the Sixth Circuit has noted that other Circuit Courts have "'universally condemned'" such arguments "as improper because they invite decision based on bias and prejudice rather than consideration of facts." *Johnson v. Howard*, 24 Fed. Appx. 480, 487 (6th Cir. 2001) (citing *Lovett v. Union Pacific R.R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000); *Edwards v. City of Philadelphia*, 860 F.2d 568, 574 (3d Cir. 1988); *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982)). The Sixth Circuit has further

---

[3] In the instant motion, Defendants have already requested that "if Plaintiff's counsel is permitted to suggest a specific sum to the jury," the Court should "carefully control such arguments" and "instruct the jury that any such statements are not evidence and are merely the argument of counsel." However, the Magistrate Judge does not believe that she should address the substance of the District Court's jury instructions. This does not prevent Defendants from raising any requests for jury instructions before the District Court at the appropriate time.

4

concluded that such arguments are "inappropriate" because they request that the jury put itself in the plaintiff's position. *Michigan First Credit Union v. CUMIS Ins. Soc., Inc.,* 641 F.3d 240, 249 (6th Cir. 2011). Accordingly, Plaintiff shall not be permitted to use any "Golden Rule" arguments at any phase of the case, including before the jury venire, in opening statement, or in closing argument.

Finally, with respect to whether Plaintiff may argue that the jury should "send a message" with its verdict, the Sixth Circuit addressed a similar argument in *Strickland v. Owens Corning*, 142 F.3d 353, 358 (6th Cir. 1998), in which the plaintiff referred to the jury as "the voice of the community" and asked them to "tell" the defendants and "the world where you stand" and "your voice will be heard." *Id.* In addition to this aspect of the argument, the *Strickland* court was also faced with appeals to class prejudice and bias against corporations. *Id.* at 358-59. The *Strickland* court concluded that such arguments "'can have no appeal other than to prejudice'" and amount to an "'improper distraction from the jury's sworn duty to reach a fair, honest and just verdict.'" *Id.* (quoting *Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985)). The Sixth Circuit also considered in *Johnson* an appeal to the jury, as part of the overarching "Golden Rule" argument, that they "send a clear message" with their verdict. *Johnson*, 24 Fed. Appx. at 487. The *Johnson* court did not specifically address that portion of the argument but did conclude that the entire argument invited decision based upon bias and prejudice. Given the strong criticism of such types of arguments in *Strickland* and *Johnson*, Plaintiff shall not be permitted to ask the jury to "send a message" at any phase of the case, including before the jury venire, in opening statement, or in closing argument.

Accordingly, for the reasons set forth herein, Defendant's Motion in Limine #1 to Preclude

5

Plaintiff from Disclosing a Dollar Demand to the Jury or Jury Venire and to Preclude Improper Arguments Regarding the Valuation of the Case (D.E. #272) is hereby GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED** this 25th day of January, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE