**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**KAITLYN CALAWAY, a minor,
by Natural Mother and Next Friend,
KATHLEEN CALAWAY,**

        **Plaintiff,**

**v.**                                                             **Case 2:02-cv-02715-STA-cgc**

**JODI SCHUCKER, M.D.,**

        **Defendant.**

**OMNIBUS ORDER ON DEFENDANT'S MOTIONS IN LIMINE**

Before the Court are several of Defendant's motions in limine, as detailed below. The instant motions were referred to the Magistrate Judge for determination. (Docket Entry "D.E." #399).[1] The Magistrate Judge held a status conference on December 14, 2012. At the status conference, the following motions were resolved as follows and are hereby terminated:

    D.E. #307—Denied as moot due to previous Court orders
    D.E. #311—Denied as moot
    D.E. #355—Parties have provided the requested documents

The rulings on the motions listed below are as follows:

---

[1] Defendants initially filed various motions in limine on September 8, 2011. On February 6, 2012, the District Court issued an Order Compelling Plaintiff to Produce Settlement Agreement (D.E. #326), in which all pending motions were denied without prejudice to re-file. Defendant filed a Notice of Renewal of various pending motions on October 12, 2012, which listed several of the previously filed motions. Defendant also re-filed other of the previously filed motions separately. For clarity purposes, the Court will include the Docket Entry of the initial filing if renewed and of both the initial filing and re-filing if re-filed.

- **Motion in Limine #2 to Exclude Evidence Regarding Liability Insurance Coverage (D.E. #273, #343)**

In this motion, Defendant requests that the Court prohibit Plaintiff, her witnesses, and her counsel from introducing into evidence, inquiring into on cross-examination, or in any way making reference before the jury venire or jury at the trial in this cause, directly or by implication, the existence, non-existence, or terms of Defendant's liability insurance. Defendant makes this request pursuant to Rules 402, 403, and 411 of the Federal Rules of Evidence.

Rule 411 provides that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully," but "the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411. Plaintiff agrees that she does not intend to use evidence of liability insurance to demonstrate that Defendant acted negligently or wrongfully but contends that she may seek to offer it for another purpose. Upon review, as the admissibility of evidence of liability insurance depends upon the purpose of its introduction, and as such a determination may only properly be made at trial, the Court finds that this motion should be DENIED without prejudice as premature.

While this issue cannot be resolved pre-trial, it nonetheless remains a delicate matter, as the Sixth Circuit has held that improperly introducing evidence of liability insurance may be prejudicial error and grounds for a mistrial. *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 758 (6th Cir. 1980). As such, the parties are cautioned that, should they seek to introduce such evidence, they should raise the issue out of the presence of the jury for guidance by the District Court.

- **Motion in Limine #4 to Exclude Evidence Regarding Prior Lawsuits Against Defendant or Defendant's Expert Witnesses (D.E. #275, #345)**

In this motion, Defendant request that the Court prohibit Plaintiff, her witnesses, and her counsel from introducing into evidence, inquiring into on cross-examination, or in any way making reference before the jury venire or jury at the trial in this cause, the issue of whether Defendant or Defendant's expert witnesses have been named as parties to prior medical malpractice lawsuits. Defendant makes this request pursuant to Rules 401, 402, 403, 404, and 608 of the Federal Rules of Evidence.  Plaintiff's Response does not rely upon a specific rule of evidence but argues that the evidence may be admissible as impeachment by prior inconsistent statement, which appears to invoke Rule 608.

Rule 608 provides that extrinsic evidence of specific instances of a witness's conduct, other than a criminal conviction, is "not admissible to attack or support the witnesses's character for truthfulness"; however, the court may, on cross-examination, allow such extrinsic evidence if it is probative of the character for truthfulness or untruthfulness of the witness or another witness whose character the witness being cross-examined has testified about. Fed. R. Evid. 803.  As Rule 803 prohibits extrinsic evidence for certain purposes and permits it for others, the Court finds that the determination of the admissibility must be made at trial.   Accordingly, the Court finds that this motion should be DENIED without prejudice as premature. Any objections regarding prior lawsuits against Defendant or Defendant's expert witnesses should be raised at trial.

- **Motion in Limine #5 to Preclude Testimony Concerning Gender or Racial Discrimination Encountered by Helen Barnes, M.D. (D.E. #276)**

3

In this motion, Defendant requests that the Court preclude counsel from mentioning in opening statement, eliciting from Dr. Barnes, or showing portions of a video from Dr. Barnes' deposition concerning difficulties on the basis of gender or race that she was forced to overcome in her career as an obstetrician at the University of Mississippi. Defendant makes this request pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence.

Upon review, the Court finds that evidence of Dr. Barnes's personal life story is not relevant to the issues in this case, as it does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Thus, Defendant's motion is DENIED. While the specifics of the difficulties she faced during her career due to her race and gender are not admissible, Dr. Barnes will be permitted to testify to her general education and background, including that she attended the University of Mississippi during certain dates.

- **Motion in Limine #6 to Exclude the Testimony of Lay Witnesses Including Dr. Irmo Marini Regarding Their Understanding of Medicine (D.E. #277/ D.E. #346)**

In this motion, Defendant requests that the Court exclude the testimony of lay witnesses, including the Plaintiff's life care planner, Irmo Marini, Ph.D, regarding their understanding of the medicine underlying the allegations of negligence in this matter. Defendant makes this request pursuant to Rule 701 of the Federal Rules of Evidence, which requires that lay witness opinions and inferences must be "limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized

knowledge within the scope of Rule 702." Fed. R. Evid. 701. The Court finds that Rule 701 prohibits any lay witnesses from rendering expert testimony in any field, including medicine; however, the lay witnesses are permitted to testify to the opinions or inferences as expressly permitted in Rule 701. Accordingly, Defendant's Motion is GRANTED. Any further challenges to the admissibility or inadmissibility of specific lay testimony under Rule 701 should be raised at trial.

- **Motion in Limine #7 to Preclude the Physical or Cognitive Manipulation, Examination, or Demonstration of Kaitlyn Calaway in the Presence of the Jury (D.E. #278, #347)**

In this motion, Defendant requests that the Court preclude the physical or cognitive manipulation, examination, or demonstration of Kaitlyn Calaway in the presence of the jury. Defendant's motion focuses only upon such manipulation, examination, or demonstration *by an expert* on the grounds that Plaintiff did not disclose any such expert. Plaintiff's response does not claim that any such expert was disclosed, and Plaintiff does not even argue that she wishes to present any such expert manipulation, examination, or demonstration. Accordingly, as it appears the parties agree that no such expert was disclosed or is sought to be used, the Court finds that Plaintiff shall not be permitted to present expert manipulation, examination, or demonstration of Kaitlyn Calaway in the presence of the jury. Thus, Defendant's motion is hereby GRANTED.

In Plaintiff's Response, her sole concern is that she should be permitted to testify and be present in the courtroom even though she may be unable to conceal her physical and cognitive disabilities. Defendant's motion does not argue that Plaintiff should not be permitted to either testify or be present throughout the trial of her case. In any event, the Court clarifies that its ruling

regarding expert manipulation, examination, or demonstration does not preclude Plaintiff from testifying on her own behalf and being present in the courtroom at all times.

- **Defendant's Motion in Limine #9 to Limit Plaintiff's Evidence of Economic Loss to Amounts that Comply with Tennessee Code Annotated Section 29-26-119 (D.E. #280, #348)**

In this motion, Defendant requests that the Court limit Plaintiff's evidence of economic loss to amounts that comply with Tennessee Code Annotated Section 29-26-119, which governs damages in a medical malpractice case. Plaintiff agrees that this statute applies to damages in a medical malpractice case; however, there are two points of dispute regarding the application of the statute in the instant case.

First, Defendant's Motion argues that Plaintiff may not recover costs paid or payable by Medicaid and TennCare.[2] Plaintiff's Response states that she has not and is not currently receiving benefits by Medicaid and TennCare. However, it is not clear from Plaintiff's Response whether she could potentially receive benefits from Medicaid and TennCare in the future. It is only these future expenses at issue in this case, as Plaintiff's pre-majority expenses are time-barred. The Tennessee Court of Appeals has expressly held that a plaintiff may recover expenses that are paid or payable by the Medicaid program. S*ee Hughlett v. Shelby County Health Care Corp.*, 940 S.W.3d 571, 572-75 (Tenn. Ct. App. 1996). Thus, to the extent Plaintiff seeks to recover any future medical expenses that are also paid or payable by Medicaid or TennCare, she is entitled to do so under Section 29-26-

---

[2] TennCare is the State of Tennessee's Medicaid program. *River Park Hosp., Inc. v. BlueCross BlueShield of Tennessee, Inc.*, 173 S.W.3d 43, 47 (Tenn. Ct. App. 2002).

119 and Tennessee law. Accordingly, Defendant's Motion to prevent Plaintiff from introducing evidence of expenses paid or payable by Medicaid and Tenncare is DENIED.

Second, Defendant's Motion asserts that Plaintiff may not recover the amount *billed* by her insurer, which is also referred to as the gross amount or "sticker price," but instead may only recover the *discounted* amount actually paid or payable by her insurer. Defendant bases this argument on the language of the statute, which allows Plaintiff to recover "actual economic losses." Tenn. Code Ann. § 29-26-119. Plaintiff's Response argues to the contrary, claiming that a plaintiff with private insurance may recover the gross amount of the expenses. Plaintiff's position is based upon the argument that Section 29-26-119 does not apply when the damages are being paid for either out-of-pocket or by private insurance and that the common law collateral source rule permits payment of the gross expenses.[3]

This District Court has previously considered this issue in *Cassie Nalawagan v. Hai v. Dang*, No. 06-2745-STA-dkv, 2010 WL 4340797, at *2-*3 (W.D.Tenn. Oct. 27, 2010) (quoting Tenn. Code Ann. § 29-26-119). This Court concluded that no Tennessee state courts had addressed the precise issue; thus, this Court was required to predict how Tennessee state courts would construe the statute. *Id.* at *2. This Court held that a Plaintiff may not recover "the amounts actually billed by [the plaintiff's] medical providers over and above the amounts 'paid or payable.'" *Id.* at *2

---

[3] Plaintiff bases her argument that Section 29-26-119 does not apply to the calculation of damages being paid for out-of-pocked or by private insurance upon the Tennessee Court of Appeals' discussion in *Steele v. Ft. Sanders Anesthesia Group, P.C.*, 897 S.W.2d 270 (Tenn. Ct. App. 1994). In *Steele*, the court briefly stated that the trial judge had ruled that Section 29-26-119 "did not apply since portions of the insurance were paid by plaintiffs." *Id.* at 281-82. However, the *Steele* court analyzes the issue of whether a plaintiff can introduce medical expenses where he or she paid part of the insurance premium under Section 29-26-119. *Id..* at 282-83.

7

(quoting Tenn. Code Ann. § 29-26-119). This Court reasoned that the plain language of the statute is "sufficiently clear" on this point and "contemplates the recovery of 'actual economic losses suffered by the claimant' including medical expenses, 'but only to the extent' of costs 'not paid or payable.'" *Id.* at *3 (quoting Tenn. Code Ann. § 29-26-119). This Court advised that, "in so far as amounts billed by the providers for medical care differ from action amounts 'paid or payable,' a plaintiff is not entitled to recover amounts billed pursuant to the statute. *Id.* As the Magistrate Judge is not aware of any Tennessee state court decisions following *Nalawan* reaching a contrary result, and the parties have cited none, the Magistrate Judge will follow this Court's reasoning in *Nalawagan.*

Plaintiff asks the Magistrate Judge to distinguish *Nalawagan*, which pertained to Medicaid billing, from the instant case, which pertains to insurance billing. However, the Magistrate Judge does not find that there is a meaningful distinction. A plaintiff may recover Medicaid expenses that are paid or payable, *see Hughlett*, 940 S.W.3d at 572-75, just as a plaintiff may recover expenses that are paid or payable by private insurance, Tenn. Code Ann. § 29-26-119. The Magistrate Judge does not find any reason why the statute should be construed differently when applied to reimbursement by private insurance. Accordingly, Plaintiff will only be permitted to recover the amounts billed, not the gross "sticker price" of the medical service, as set forth in *Nalawagan.* Thus, Defendant's Motion to limit Plaintiff's medical expenses to the amount billed is GRANTED.

- **Motion in Limine #10 to Allow Evidence of Government Assistance to Plaintiff to Assist the Jury in a Determination of Reasonable and Necessary Future Medical Care for Plaintiff (D.E. #281, #349)**

In this motion, Defendant requests that the Court allow evidence of past government assistance received by Plaintiff to assist the trier of fact in the determination of the cost of future care and for impeachment purposes  Defendant asserts that Plaintiff has received aid through the public school system, TennCare, and other government assistance.  Defendant's Motion focuses primarily on public education services, stating that Plaintiff will continue to receive such services through the school years with no costs or expenses "paid or payable" by Plaintiff.

While Defendant relies upon Section 29-26-119 governing what Plaintiff may recover, it is important at the outset to reiterate that Plaintiff has been time-barred from recovering pre-majority medical expenses.  (*See* D.E. #403).  Thus, it is undisputed that the question before this Court is not the propriety of Plaintiff recovering such expenses, but the relevance of the availability of these past services to the calculation of future medical expenses.

Defendant claims that the best indication of the cost of Plaintiff's future medical expenses are her past medical expenses.  Defendant seeks to challenge the reasonableness of Plaintiff's proposed future expenses with evidence of Plaintiff's past expenses.  Defendant further wants to be able to impeach certain of Plaintiff's witnesses with this information to attempt to show bias in favor of Plaintiff because these witnesses did not include potential government assistance in their calculations of future medical expenses.

Upon review, the Court finds that Plaintiff's past medical expenses should not be admissible as substantive evidence of the reasonableness of Plaintiff's proposed future medical expenses for several reasons.  While Plaintiff has apparently obtained the benefit of services through public school during her minority and may obtain certain limited services through public school during her majority if she is still enrolled after reaching the age of eighteen, public school services will not

9

continue throughout her majority. As the projection of future medical expenses in this case will only relate to Plaintiff's adult expenses, her childhood school accommodations bear little to no relevance to this calculation.

Additionally, Defendant seeks to offer other general sources of government assistance other than public school, such as TennCare. Plaintiff has already stated in her briefing on other motions that she has not received any TennCare benefits to date, (D.E. #398), and Defendant has not specified any other public assistance programs that Plaintiff may benefit from in the future. In any event, the Court again finds that evidence of any past medical expenses is not necessary or relevant to a future calculation, and Defendant shall not be permitted to use past medical expenses for this purpose. This does not prevent Defendant from attempting to demonstrate the amounts of public assistance that Plaintiff may receive in the future based upon the available programs, but such a demonstration should not in any way depend upon what Plaintiff has received in the past.

With respect to impeachment evidence, Defendant contends that she wishes to show that Plaintiff's witnesses have a bias in favor of her and have not included possible government assistance opportunities in the future damages calculation. Defendant may pursue such impeachment as to bias, but Defendant must base any impeachment on government assistance that may be available in the future. Defendant may not attempt to impeach any of Plaintiff's witnesses by utilizing evidence of Plaintiff's past government assistance. Accordingly, Defendant's Motion is DENIED.

- **Motion in Limine #11 to Prevent Expert Reports from Being Admitted into Evidence and Given to the Jurors During Deliberations (D.E. #282, #350)**

10

In this Motion, Defendant requests that the Court prevent expert reports from being admitted into evidence and given to the jurors during deliberations. Defendant contends that the reports are inadmissible hearsay that can be used for impeachment only pursuant to Rule 801 of the Federal Rules of Evidence. In the alternative, Defendant argues that even if the reports are admissible, it would be unfair for them to be provided to the jury because it would give undue weight to the exhibits provided to the jurors. Plaintiff asserts that the motion is premature because there has been no ruling on the admissibility of the reports. Upon review, the Court agrees with Plaintiff that the rulings on the admissibility of each report must be made at trial when counsel has the proper opportunity to attempt to admit any written expert reports. Likewise, any submission of expert reports to the jury must be made after the decision on admissibility. Thus, Defendant's Motion is DENIED without prejudice as premature.

- **Motion in Limine #12 and for Protective Order to Preclude Cross-Examination of Defense Expert Dwight Rouse, M.D. with Deposition Testimony Taken Without Proper Notice (D.E. #283)**

In this motion, Defendant requests that the Court issue a protective order and preclude Plaintiff's counsel from mentioning in opening statement or using in any manner the transcript, video, or fetal monitor tracing from a deposition taken in an unrelated state court case, which has been identified as *Jackory Clark v. Clarence T. Gooch, M.D.*, on July 2, 1998. It is undisputed that Defendant's counsel was not provided notice and was not present at this deposition. Rule 30(b)(1) of the Federal Rules of Civil Procedure requires that a "party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). As

11

Plaintiff failed to provide proper notice, Plaintiff will not be permitted to utilize the July 2, 1998 deposition testimony in the unrelated case for any purpose. Accordingly, Defendant's Motion is GRANTED.

- **Motion in Limine #13 to Prohibit Plaintiff's Witnesses Who Are Not Licensed Physicians from Offering Opinions on Standard of Care, Diagnoses, Causation, or Life Expectancy (D.E. #284, #351)**

In this Motion, Defendant seeks that the Court prohibit Plaintiff's witnesses who are not licensed physicians from offering opinions on standard of care, diagnoses, causation, or life expectancy. Defendant states that such individuals include healthcare providers, teachers, teaching assistants, and family members who have provided care and assistance to Kaitlyn Calaway and have been identified as potential witnesses in the instant case. Defendant bases the instant motion on Tennessee Code Annotated Section 29-26-115, which sets forth the elements of medical malpractice and requires, *inter alia*, that an expert be licensed in a profession or specialty which would make the person's testimony relevant.

Plaintiff's Response does not oppose Defendant's motion as to either standard of care or causation. Accordingly, Defendant's Motion is GRANTED on these issues, and Plaintiff's witnesses who are not licensed physicians may not offer testimony on standard of care or causation.

With respect to diagnoses, Plaintiff states that the physical and occupational therapists, teachers, and assistants will not testify that they *made* a medical diagnosis, but will testify about how they *treated* her based upon the diagnoses that she was given by her physicians. The Court does not read Defendant's Motion to seek to prohibit non-expert testimony about any *reactions* to a

12

diagnosis, but instead the *process* of making the diagnosis. In any event, the Court finds that lay testimony regarding the actions taken by these professionals to treat, act, or otherwise respond to Plaintiff's diagnoses is appropriate. As there is no dispute that these individuals cannot actually make diagnoses and cannot testify to the making of any diagnoses, Defendant's motion is GRANTED on this issue.

Finally, Defendant briefly asserts that testimony on life expectancy should be considered testimony on a diagnosis. Plaintiff's Response does not address the issue of whether any of these individuals should be able to testify as to Plaintiff's life expectancy. Upon review, absent any citation to authority requiring expert testimony on life expectancy, Plaintiff's witnesses shall be able to testify on life expectancy, and Defendant's Motion is DENIED on this issue.

- **Motion to Enlarge Scheduling Order Deadline to Depose Plaintiff's Expert Witnesses as to Irmo Marini, Ph.D. Only (D.E. #354)**

In this Motion, Defendant requests an enlargement of the prior scheduling order deadline to depose Plaintiff's life care planner, Irmo Marini, Ph.D. Plaintiff's Response, however, states that Dr. Marini will no longer be called as an expert witness and that she has withdrawn him from her witness list. Further, Plaintiff has substituted Dr. Marini with David Stewart, who is a Certified Life Care Planner. Plaintiff has agreed to provide Mr. Stewart for a deposition. Accordingly, Defendant's Motion pertaining to Dr. Marini is DENIED as moot.

**IT IS SO ORDERED** this 12th day of March, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE