IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**KAITLYN CALAWAY, a minor,**
**by Natural Mother and Next Friend,**
**KATHLEEN CALAWAY,**

        **Plaintiff,**

v.                                                 Case 2:02-cv-02715-STA-cgc

**JODI SCHUCKER, M.D.,**

        **Defendant.**

---

**OMNIBUS ORDER ON PLAINTIFF'S MOTIONS IN LIMINE**

---

Before the Court are several of Plaintiff's motions in limine, as detailed below. The instant motions were referred to the Magistrate Judge for determination. (Docket Entry "D.E." #399).[1] The Magistrate Judge held a status conference on December 14, 2012.[2] At the status conference, the following motions were resolved as follows and are hereby terminated:

    D.E. #262—Withdrawn
    D.E. #263—Withdrawn
    D.E. #274—Withdrawn

---

[1] Plaintiff initially filed the instant motions on the following dates: June 17, 2009; August 29, 2011; September 6, 2011; September 8, 2011; and, September 13, 2011. On February 6, 2012, the District Court issued an Order Compelling Plaintiff to Produce Settlement Agreement (D.E. #326), in which all pending motions were denied without prejudice to re-file. On October 12, 2012, Plaintiff filed a Notice of Renewal of Previously Pending Motions. (D.E. #342).

[2] The only pending motion filed by Plaintiff that has not been addressed to date by the Magistrate Judge is Plaintiff's Motion to Disqualify Counsel and to Strike Experts Retained by Baker & Whitt (D.E. #270). This motion will be addressed in a separate forthcoming Order.

1

The rulings on the motion listed below are as follows:

- **Motion to Strike Testimony and to Preclude Defendant from Testifying at Trial in this Matter (D.E. #152)**

In ths motion, Plaintiff requests that the Court strike Defendant's previous testimony via deposition and affidavit and prevent Defendant from testifying at trial. Plaintiff's motion is based upon alleged inconsistencies between Defendant's April 13, 2000 deposition and her May 13,2009 affidavit. In the deposition, Defendant stated that, during her medical fellowship, she "would try to keep an eye on central monitoring of all of the different patients" but had to "rely on the residents" to call if they were concerned about a patient's condition because she "couldn't be there at all times." On May 13, 2009, Defendant's affidavit states that supervising physicians manage patients in labor with a "degree of calculated independence" and that, while the supervising faculty was required to be in the hospital and immediately available to consult with the residents, "it was neither required or recommended that faculty members directly manage the care of each patient."

Upon review, the Court does not find that there is any inherent inconsistency between these two statements, and there is certainly not such a blatant inconsistency to rise to the level of necessitating the severe sanction of striking testimony or the even more severe sanction of preventing Defendant from testifying on her own behalf. To the extent that Plaintiff believes there to be any inconsistency, Plaintiff may raise this issue on the cross-examination of Defendant. However, Plaintiff's Motion seeking that the Court strike this previous testimony or prevent Defendant from testifying is DENIED.

- **Motion to Compel Deposition, or in the Alternative, to Strike Testimony (D.E. #254)**

In this motion, Plaintiff requests that the Court compel Defendant to submit to a deposition concerning her May 13, 2009 affidavit or, in the alternative, that she be precluded from testifying as to subject matters contained in the affidavit. As grounds for Plaintiff's motion, she asserts that Defendant failed to respond to discovery propounded on June 16, 2009 regarding the affidavit.

Defendant responds that, on June 23, 2009, this Court entered an Order dismissing the case based upon Defendant's motion for summary judgment. (D.E. #165). Therefore, the written discovery that had just been propounded was, at that time, moot. The case was reversed and remanded by the Court of Appeals for the Sixth Circuit on September 2, 2010. (D.E. #178). Defendant asserts that the previously filed discovered requests were never mentioned again until August 29, 2011; in any event, Plaintiff has now responded to the written interrogatories. There has been no subsequent motion to compel alleging that the responses were not sufficient. Thus, Plaintiff has obtained the written discovery that she requested, and there is no need for a third deposition of Defendant at this late date and there is no basis for the severe sanction of preventing Defendant from testifying. Accordingly, Plaintiff's Motion is DENIED.

- **Motion in Limine to Preclude Defendant from Mentioning or Introducing Evidence of the Previous Settlement or the Amounts Thereof at Trial in this Matter (D.E. #258)**

In this Motion, Plaintiff seeks that the Court preclude Defendant from mentioning or introducing evidence of the previous settlement with UTMG and the Med, or the amounts thereof, at trial in this matter. Plaintiff's Motion was filed pursuant to Rule 408 of the Federal Rules of Evidence. Upon review, Rule 408 does not categorically exclude evidence of a settlement in a different case. Rule 408 does prohibit introduction of evidence of a settlement "to prove or disprove

the validity or amount of a disputed claim or to impeach by a prior inconsistent statement. Fed. R. Evid. 408(a). Yet Rule 408 additionally provides that the "court may admit this evidence for another purpose, such as proving a witness's bias or prejudice [or] negating a contention of undue delay . . . ." Fed. R. Evid. 408(b). Accordingly, the Court finds that any determination regarding the admissibility of the previous settlement or the amounts must be made at trial in context of the purpose for which the evidence is sought to be admitted. Thus, Plaintiffs' Motion is DENIED as premature without prejudice to raising any objections at trial. .

- **Motion in Limine to Preclude Defendant from Offering Causation Opinions at Trial (D.E. #259)**

In this Motion, Plaintiff seeks to preclude Defendant from offering any opinions at trial about the cause of Kaitlyn Calaway's cerebral palsy. Plaintiff bases this motion on Defendant's deposition testimony that she was not able to offer any opinions about the cause of her cerebral palsy to a reasonable degree of medical certainty. Defendant theorized that it was potentially caused by a hypoxic ischemic injury but also questioned whether it could be the result of a mitochondrial disorder. Ultimately, Defendant admitted that she does not treat or diagnose infants and would have to defer to a physician in the appropriate discipline regarding the causation of her cerebral palsy.

Defendant responds that she does not oppose or object to Plaintiff's request. Accordingly, Plaintiff's Motion is GRANTED. However, Defendant further asks that the same rule applies to Plaintiff's expert witnesses who were not able to offer any opinions regarding the cause of Kaitlyn Calaway's cerebral palsy to a reasonable degree of medical certainty. The Court agrees and additionally prohibits any witnesses from testifying regarding the cause of Kaitlyn Calaway's

cerebral palsy unless it has been previously disclosed and stated to a reasonable degree of medical certainty.

- **Motion in Limine to Preclude Defendant from Mentioning, Referring to, or Relying on the Education for All Handicapped Children Act at Trial in this Matter (D.E. #261)**

In this Motion, Plaintiff seeks to preclude Defendant from mentioning Public Law 99-457, also know as the Education for All Handicapped Children Act ("EHA"). Plaintiff states that the EHA has no relevance to the condition or injuries sustained by Kaitlyn Calaway. Defendant responds that the EHA has been replaced by the Individuals with Disabilities Education Act ("IDEA"), codified at 20 U.S.C. § 1400, and that the amendments enacted by Public Law 99-457 have either been repealed or revised and incorporated into other sections of the IDEA. Thus, Defendant agrees that, while she previously sought to rely upon EHA, it is no longer relevant in this case. Accordingly, Plaintiff's Motion is GRANTED.

- **Motion in Limine to Preclude Defendant, and Her Counsel, From Testifying or Arguing to the Jury at Trial that Defendant's Reputation or Ability to Practice Will Be Adversely Affected if the Jury Finds for Plaintiff (D.E. #264)**

In this Motion, Plaintiff seeks that the Court preclude Defendant and her counsel from testifying about any affect an adverse verdict would have upon her professional reputation or ability to practice. Plaintiff argues that the effect of a jury verdict is not relevant to the issues in this case and is entirely irrelevant. Defendant responds that the motion should be denied as premature because, until Plaintiff has put on her case-in-chief, it is impossible to know whether such evidence

5

is relevant. Defendant concedes that, unless Plaintiff offers evidence that Defendant's reputation or ability to practice would not be adversely affected if the jury finds for Plaintiff, there would be no need for evidence to the contrary. Upon review, the Court finds that the relevance does depend upon the proof at trial. Accordingly, Plaintiff's Motion is DENIED as premature without prejudice to raising any objections at trial.

- **Motion in Limine to Preclude Defendant and Her Testifying Experts from Using a Computer Generated or Animated Fetal Monitor Strip as an Exhibit at Trial (D.E. #265)**

In this Motion, Plaintiff requests that the Court preclude Defendant and her testifying experts from using computer generated or animated fetal monitor strips as an exhibit at trial. Plaintiff states that any other generic strips, as opposed to the actual monitor strip of Kaitlyn Calaway, are not relevant and would only serve to confuse the jury. Defendant agrees that generic computer generated or animated fetal monitory strips are not relevant and should not be received as separate exhibits or provided to the jury during its deliberations. Defendant further agrees that Kaitlyn Calaway's own fetal monitoring strip is admissible. Accordingly, Plaintiff's Motion is GRANTED. To the extent that the parties wish to discuss any aspects of how Kaitlyn Calaway's monitor strip may be displayed, they should raise such issues at the Pre-Trial Conference in this case.

- **Motion in Limine to Preclude Defense Expert, Cathlin Vineteet, from Mentioning or Testifying about Any Services or Resources Available through the School System or Through Government Subsidized Healthcare at Trial (D.E. #266)**

In this Motion, Plaintiff requests that the Court preclude defense expert Cathlin Vineteet from mentioning certain services available to Kaitlyn Calaway through the public school system, including but not limited to, Medicare, Medicaid, Tenncare, Bluecare, or Omnicare. Plaintiff states that what services will be available in the years to come is speculative in nature and inadmissible. Defendant responds that the nature of future medical expenses is speculative by its vary nature and requires at least some degree of inherent uncertainty. However, Defendant argues that Plaintiff will be attempting to speculate regarding her request for future medical expenses and that defense expert Cathlin Vineteet should likewise be able to offer her estimation. Defendant argues that Cathlin Vineteet seeks to testify "regarding collateral sources that have been available in the past, which is the best evidence of what will occur in the future."

The Court has addressed a similar issue in its Omnibus Order on Defendant's Motions in Limine. In that Order, the Court concluded that Defendant can introduce evidence as to public assistance programs that may be available in the *future* as either substantive evidence of the reasonableness of Plaintiff's future medical expenses or as impeachment evidence as to alleged bias that may have motivated Plaintiff's experts not to consider such information. However, the Court prohibited Defendant from utilizing substantive evidence of *past* government assistance to calculate future medical expenses and also forbid the use of *past* government assistance for impeachment purposes.

For the same reasons here, the Court will permit Defendant's expert, Cathlin Vineteet, to testify about *future* public assistance that may be available to Plaintiff, including government subsidized health care. But the Court will not allow Defendant's expert to rely upon any *past* public assistance as a basis for the calculations. Accordingly, Plaintiff's Motion is hereby DENIED.

**IT IS SO ORDERED** this 12th day of March, 2013.

                                              s/ Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              UNITED STATES MAGISTRATE JUDGE