IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**KAITLYN CALAWAY, a minor,**
**by Natural Mother and Next Friend,**
**KATHLEEN CALAWAY,**

         **Plaintiffs,**

v.                                                                 Case 2:02-cv-02715-STA-cgc

**JODI SCHUCKER, M.D.,**

         **Defendant.**

**ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL AND TO STRIKE EXPERTS RETAINED BY BAKER AND WHITT**

Before the Court is Plaintiffs' Motion to Disqualify Counsel and to Strike Experts Retained by Baker & Whitt (Docket Entry "D.E." #271, #287), which was later supplemented on October 11, 2012 (D.E. #341) and renewed on October 12, 2012 (D.E. #342). The instant motion was referred to the United States Magistrate Judge for determination. (D.E. #399). For the reasons set forth herein, Plaintiffs' motion is hereby DENIED.

**I. Background**

Before the instant suit was filed in federal court, Plaintiffs litigated various claims arising from the same events but against other defendants in the Circuit Court of Shelby County, Tennessee. The state court litigation was resolved by a Settlement Agreement and Release executed on June 10, 2002. (Mot. to Disqualify, Exh. 1, ¶2). Shortly thereafter, Plaintiffs filed the instant case in federal court against Dr. Schucker.

On September 7, 2011, upon Plaintiffs' Motion for Contempt filed in Circuit Court, insurer State Volunteer Mutual Insurance Company ("SVMIC") was held to have violated the Settlement Agreement by signing an affidavit consenting to a specific waiver of the confidentiality provision. (Mot. to Disqualify, Exh. 1, ¶¶4-5). SVMIC's violation was found not to be willful, but SVMIC was ordered to continue not to distribute or disseminate the Settlement Agreement absent further order of the court or by agreement of all parties. (Mot. to Disqualify, Exh. 1, ¶6, 8). The remaining transcript of the proceedings, which were incorporated by reference into the order, were placed under seal. (Mot. to Disqualify, Exh. 1, ¶1). Additionally, SVMIC's violation has given rise to a breach of contract action that is currently pending in the Chancery Court of Shelby County, Tennessee. (Mot. to Disqualify, Exh. 1, ¶6).

On September 8, 2011, Plaintiffs filed the instant motion seeking to disqualify Attorney Darrell Baker, Attorney Deborah Whitt Baker, and the law firm of Baker & Whitt from further participation in this case and seeking to prohibit any expert witnesses retained or consulted by members of Baker & Whitt to be prohibited from testifying at trial. Plaintiffs assert that SVMIC as Dr. Schucker's insurer has retained and paid for her representation. (Mot. to Disqualify ¶¶ 1-3). Plaintiffs further argue that, given SVMIC's violation in state court, and "because the extent of their improper involvement in the defense of Dr. Schucker has not fully been determined, further participation by Baker and Whitt will subject the Plaintiffs to additional injury and harm by their continued participation in the defense of Dr. Schucker." (Mot. to Disqualify ¶7). In their subsequent Memorandum in support of the motion, filed on September 9, 2011, Plaintiffs rely solely on the Tennessee Supreme Court case of *Givens v. Mullikin*, 75 S.W.3d 383, 396 (Tenn. 2002) as grounds for disqualification.

On September 12, 2011, Defendant filed its Response to Plaintiffs' Motion to Disqualify. (D.E. #309). Defendant argues that she is entitled to counsel of her choice, that there is no prejudice to Plaintiffs due to improper disclosures because none were made, and that the ordinary procedural safeguards in federal court will assure a fair trial. *See World Healthcare Sys., Inc. v. SSI Surgical Servs. Inc.*, No. 1:10-CV-60, 2011 WL 219979 (E.D.Tenn. June 7, 2011). Defendant asserts that *Givens* is inapplicable in the instant case. Defendant further seeks costs and attorneys' fees incurred in responding to Plaintiffs' motion.

On February 6, 2012, the District Court entered an Order Compelling Plaintiff to Produce Settlement Agreement. In this Order, the District Court denied all other pending motions without prejudice, finding that consideration of the motions was not warranted at that time.

On October 11, 2012, Plaintiff filed a Supplemental Memorandum in Support of Motion to Disqualify Counsel and to Strike Experts Retained by Baker & Whitt. On October 12, 2012, Plaintiff filed a Notice of Renewal of Previously Filed Motions, including the instant motion. Plaintiff's Supplemental Memorandum in support of the motion again relied solely upon the Tennessee Supreme Court's decision in *Givens* for its position that Defendant's counsel and experts should be disqualified. On November 9, 2012, Defendant filed a Supplemental Response addressing the issues raised by Plaintiff and arguing, *inter alia*, that Plaintiff has failed to city any authority for the requested disqualification and that *Givens* is not applicable in this case.

**II. Analysis**

The sole issue presented in the instant motion is whether Defendant's counsel, their law firm, and Defendant's experts should be disqualified in this case based upon SVMIC's violation in state court. To resolve this issue, this Court must begin by addressing two threshold questions.

First, the Court must address whether state or federal law applies to disqualification of attorneys in a federal court sitting in diversity. This court and other courts have determined that, since motions to disqualify counsel affect substantive rights of parties, they are decided by applying standards developed under federal law. *McKinney v. McMeans*, 147 F. Supp. 2d 898, 900 (W.D.Tenn. 2001) (citing *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1316 (3d Cir. 19930)); *Bartech Indus. v. Int'l Baking Co., Inc.*, 910 F. Supp. 388, 392 (E.D.Tenn. 1996) (citing *Cole v. Ruidoso Municipal Schools*, 43 F.3d 1373, 1383 (10th Cir. 1994); *Kitchen v. Aristech Chemical*, 769 F. Supp. 254, 257 (S.D.Ohio 1991)). Thus, this Court will apply federal law to the instant motion.[1]

Second, this Court must address whether there is any need for an evidentiary hearing in the instant case. The Sixth Circuit Court of Appeals does not require an evidentiary hearing to be held upon every motion for disqualification but does require a "factual inquiry" that is conducted in a manner that will allow for appellate review. *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 710 (6th Cir. 1982). To forgo a hearing, a court must review affidavits and documents that would be acceptable under Rule 56(e) and must "not undertake to decide disputed issues of fact." *Id.* As the Court will explain in the subsequent portion of this order, the Court concludes that no evidentiary hearing is necessary to resolve the issues presented in the instant motion.

Turning to the merits of the motion, the Sixth Circuit has held that a court "should only disqualify an attorney when there is 'a reasonable possibility that some specifically identifiable impropriety actually occurred.'" *Moses v. Sterling Commerce (America), Inc.*, 122 Fed. Appx. 177,

---

[1] As the Court finds that federal law governs attorney disqualification in a federal court sitting in diversity, this Court is not bound by *Givens*. Furthermore, the *Givens* court did not address the issue of attorney disqualification but instead addressed the civil liability of an insurer who directs, orders, or knowingly authorizes another to perform a tortious act or omission. 75 S.W.3d at 395-96.

4

183 (6th Cir. 2005). A district court's authority to disqualify attorneys for unethical behavior is derived from two sources: (1) the local rules of the court in which they appear; and, (2) federal law. *Bartech Indus.*, 910 F. Supp. at 392. This Court, by Local Rule 83.1(e), has adopted the Code of Professional Responsibility as currently promulgated by the Supreme Court of Tennessee. The movant has the burden of proving that opposing counsel should be disqualified. *Id.* With respect to this burden, the Sixth Circuit has held that "[c]ourts must be vigilant in reviewing motions to disqualify counsel as the ability to deny one's opponent the services of capable counsel is a potent weapon that can be misused as a technique of harassment." *Moses*, 122 Fed. Appx. at 183.

After reviewing all of Plaintiffs' filings, Plaintiff has not asserted in any of the briefing that defense counsel has committed any violation of either the local rules of court, including the Code of Professional Responsibility, or federal law. Instead, Plaintiff's theory appears to be that, because SVMIC committed a violation in state court, these proceedings in an entirely different case between an entirely different defendant must be so tainted as to require disqualification not only of counsel but of all of Defendant's experts. Such accusations absent an alleged violation of local rules or federal law do not amount to sufficient grounds for disqualification. Further, with respect to the consequences of the violation, Plaintiff has initiated a suit in Chancery Court to address these grievances and determine the consequences, if any, to SVMIC. This action will allow Plaintiff the opportunity to obtain relief regarding the alleged violation.

Finally, Defendant has requested that the Court award costs and attorneys' fees incurred in responding to the instant motion. Federal courts in the United States follow the "American Rule" regarding attorney's fees. *Buckhannon Bd. and Care Home, Inc. v. West Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602 (2001); *Doe v. Hogan*, 421 F. Supp. 2d 1051, 1055 (S.D. Ohio

2006).  Under this rule, parties are ordinarily required to bear their own attorney's fees, and courts generally do not award attorney's fees to a prevailing party absent explicit statutory authority. *Buckhannon*, 532 U.S. at 602; *Doe*, 421 F. Supp. 2d at 1055.  Defendant has failed to cite grounds for an award of attorney's fees and costs related to the instant motion.  Accordingly, Defendant's request is DENIED.

### III.  Conclusion

For the reasons set forth herein, Plaintiff's Motion to Disqualify Counsel and to Strike Experts Retained by Baker & Whitt (Docket Entry "D.E." #271, #287) is DENIED.

**IT IS SO ORDERED** this 12th day of March, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
