IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

KAITLYN CALAWAY, a minor,
by Natural Mother and Next Friend,
KATHLEEN CALAWAY,

        Plaintiffs,

v.                                         Case 2:02-cv-02715-STA-cgc

JODI SCHUCKER, M.D.,

        Defendant.

---

ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE TO STRIKE THE EXPERT DISCLOSURE OF DEFENDANT'S EXPERT WITNESS, LISA STEED, AND TO PRECLUDE HER FROM TESTIFYING FOR FAILING TO COMPLY WITH THE REQUIREMENTS OF RULE 26

---

Before the Court is Plaintiffs' Motion in Limine to Strike the Expert Disclosure of Defendant's Expert Witness, Lisa Steed, and to Preclude her from Testifying at Trial for Failure to Comply with the Requirements of Rule 26. (Docket Entry "D.E." #457). The instant motion was referred to the United States Magistrate Judge for determination. (D.E. #487).

Plaintiffs assert that "there is no scheduling order in place in this matter" and that Defendant provided the expert report of Lisa Steed ("Steed") on Monday, July 29, 2013, only four weeks before the trial date of August 28, 2013 in this matter. Plaintiffs argue that such a disclosure is prohibited by Rule 26(a)(2)(D) because it was not made at least ninety days before trial. Defendant responds that Rule 26(a)(2)(B) governs when the parties have stipulated to certain deadlines and that the parties entered into a stipulation on May 15, 2009 that "[e]xpert reports will be submitted at least

1

2 days prior to deposition of the expert." (D.E. #115). Defendant states that she disclosed Steed as an expert on May 9, 2011 but, because she was never deposed, "the obligation to provide a written report was not triggered." Defendant states that Steed's report was provided "as an accommodation" on July 29, 2013, which was "the same day that Dr. Schucker filed her pre-trial disclosures."

Upon review, Rule 16(b) Scheduling Orders have been in place in the instant case and have been modified over the case's progression, including on November 12, 2010, at which time the disclosure of Defendant's Rule 26 expert information was due by March 11, 2011 and Defendant's Rule 26 expert depositions were due by May 2, 2011. (D.E. #181). According to Plaintiff's motion, Steed was not designated until May 9, 2011, which was beyond the deadline set by the Court. Defendant has not argued that she failed to act because of excusable neglect pursuant to Rule 6(b)(1)(B). Thus, Defendant's designation of Steed beyond the date set forth in the November 12, 2010 Scheduling Order is untimely. Stipulations of the parties, including the May 15, 2009 stipulation, cannot alter the deadlines established by the Court, as a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Further, on September 13, 2011, the District Court cancelled the pending pretrial deadlines in place in the November 12, 2010 Scheduling Order and stated that they would be reset by separate notice from the Court. (D.E. #312). None of the expert deadlines for either Plaintiffs or Defendant were pending at this time, as they had all passed from February until May, 2011. On September 4, 2012, the District Court entered an Order on Status Conference that established new deadlines for all motions in limine, other pretrial motions, the proposed joint pretrial order, and the proposed joint jury instructions and verdict form. (D.E. #336). No new deadlines were set regarding the designation of experts or the timing of any expert reports or depositions. Thus, as the District Court

did not extend the March 11, 2011 deadline set forth in the November 12, 2010 Scheduling Order, Defendant's designation of Steed on May 9, 2011 remained untimely. Accordingly, Plaintiffs' Motion in Limine to Strike the Expert Disclosure of Defendant's Expert Witness, Lisa Steed, and to Preclude her from Testifying at Trial is hereby GRANTED.

**IT IS SO ORDERED** this 20th day of August, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
