IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

| | |
|---|---|
| K.C., a minor, by Natural Mother and Next Friend, KATHLEEN CALAWAY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   No. 02-2715-STA-cgc |
| JODI SCHUCKER, M.D., | ) ) ) |
| Defendant. | ) |

___

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**

___

Before the Court is Plaintiff K.C.'s Motion for New Trial (D.E. # 533) filed on October 4, 2013. Following a five-day trial on Plaintiff's medical malpractice claim, a jury returned a verdict in favor of Defendant Jodi Schucker, M.D. Defendant has filed a response in opposition (D.E. # 539) to Plaintiff's Motion. For the reasons set forth below, Plaintiff's Motion for New Trial is **DENIED**.

**BACKGROUND**

The Court has set out the factual and procedural background of this medical malpractice action in previous orders. In February 1996 Kathleen Calaway, natural mother and next friend of Plaintiff, was admitted to the Regional Medical Center in Memphis, Tennessee, for labor and delivery. Ms. Calaway received treatment from University of Tennessee medical residents. Defendant was a UT faculty member and the attending physician during Ms. Calaway's labor and

1

delivery. As the attending physician, Defendant supervised the residents providing care for Ms. Calaway. After several hours of labor, Ms. Calaway's uterus ruptured, and her child was delivered by caesarean section. K.C., the minor Plaintiff, was born with a number of serious, permanent injuries. Plaintiff alleged that Defendant negligently supervised the medical residents during Ms. Calaway's labor and delivery and that Defendant's negligence caused Plaintiff's injuries. A jury trial commenced on August 28, 2013, and the jury returned its verdict in favor of Defendant on September 6, 2013.

Plaintiff now seeks a new trial based on the following assignments of error. First, Plaintiff argues that the Court should have excluded the testimony of opinion witnesses for the defense. According to Plaintiff, three of the witnesses, including Defendant herself, failed to testify to the applicable standard of care. Plaintiff further asserts that the Court erroneously admitted the opinion testimony of Dr. Frank Ling who was never disclosed as an opinion witness prior to trial. Second, Plaintiff argues that the Court improperly denied Plaintiff's requests for certain jury instructions. Plaintiff's proposed instruction concerning Defendant's duty to attend to her patient or ensure that the patient was under the care of a qualified physician was a correct statement of Tennessee law and therefore should have been included in the jury charge. Plaintiff also contends that the Court should have included Plaintiff's proposed instruction about the lack of proof of insurance to pay Plaintiff's future medical expenses. Third, Plaintiff argues that the Court allowed improper questions from the defense on the cross-examination of Plaintiff's experts on damages. The defense questioned Plaintiff's life care planner about the possible effect of insurance discounts on Plaintiff's future medical expenses even though Defendant never showed that insurance would be available to meet Plaintiff's future medical needs. The defense also questioned the life care planner about studies

suggesting other methods for calculating Plaintiff's life care costs.

Finally, Plaintiff raises a number of arguments about opposing counsel's use of a Power Point presentation during closing arguments. Specifically, the defense displayed excerpts from the video depositions of witnesses at closing. Plaintiff argues that the Court should have allowed counsel for Plaintiff to see the presentation before the defense showed it to the jury. Without an opportunity to preview the presentation, Plaintiff was denied the chance to "object to the inappropriate use of witness testimony that was taken out of context and improperly 'quoted'" in the presentation. Pl.'s Mot. for New Tr. 8. Plaintiff objects that the presentation included portions of witness testimony but without presenting the question posed to the witness. Plaintiff further argues that the presentation had "on screen 'displays' which contained matters in quotation marks, when such statements were never actually said in the deposition transcripts." *Id.* The presentation also purported to contain jury instructions, which were actually counsel for Defendant's argument about the applicable law. The use of playing video deposition excerpts had the practical effect of permitting a witness to testify twice. For all of these reasons, Plaintiff argues that she is entitled to a new trial.

## STANDARD OF REVIEW

A new trial is appropriate when the jury reaches a seriously erroneous result as evidenced by (1) the verdict being against the clear weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced

by prejudice or bias.[1] The party seeking a new trial bears "a heavy burden."[2] Motions for new trial based on an erroneous evidentiary ruling require the Court to evaluate the evidentiary ruling under the abuse-of-discretion standard.[3] A district court abuses its discretion by relying on clearly erroneous findings of fact, improperly applying the law, or using an erroneous legal standard.[4] For example, an erroneous evidentiary ruling will justify a new trial only if it was not harmless and affected the outcome of the proceedings.[5] The Sixth Circuit has explained that "the governing principle in the district court's consideration of a motion for a new trial is whether, in the judgment of the trial judge, such course is required in order to prevent an injustice . . . ."[6]

## ANALYSIS

Plaintiff has raised a number of issues in support of her request for a new trial. However, Plaintiff has not shown that a new trial is required to prevent an injustice in this case. Most of Plaintiff's assignments of error do not warrant relief, either because Plaintiff's arguments lack specificity or factual support or because Plaintiff has waived any objection to the supposed error.

---

[1] *Cummins v. BIC USA, Inc.*, 727 F.3d 506, 509–10 (6th Cir. 2013) (citing *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 414 (6th Cir. 2012) (internal quotation marks and brackets omitted).

[2] *Miller v. Am. President Lines, Ltd.*, 989 F.2d 1450, 1466 (6th Cir. 1993).

[3] *Cummins*, 727 F.3d at 510 (citing *United States v. Morales,* 687 F.3d 697, 701–02 (6th Cir. 2012)).

[4] *Id.*

[5] *Id.* (citations omitted).

[6] *Park W. Galleries, Inc. v. Hochman*, 692 F.3d 539, 544 (6th Cir. 2012) (quoting *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990) (internal quotation marks omitted)).

Therefore, Plaintiff's Motion for New Trial must be denied.

**I. Lack of Particularity or Evidentiary Support**

As an initial matter, Defendant has argued that Plaintiff has failed to describe with specificity the grounds for her Motion for New Trial. Federal Rule of Civil Procedure 7(b) requires that requests for a court order be made by motion and that motions state with particularity the grounds for seeking the order.[7] In the context of Rule 59 motions for new trial, Rule 7(b) "does not require ritualistic detail but rather a fair indication to court and counsel of the substance of the grounds" for the motion.[8] The Sixth Circuit has commented in dicta that a party's "grounds in its motion for a new trial must be 'reasonably specific' in order to comply with the particularity requirement imposed by Rule 7(b)(1)."[9]

The Court holds that Plaintiff's Motion for New Trial largely fails to comply with Rule 7(b). Plaintiff has asserted a number of errors but without providing any supporting exhibits, transcripts, or other proof to show with particularity what grounds exist for her claims. For example, Plaintiff argues that Defendant's experts did not testify as to the standard of care and that her "counsel moved to strike Defendant's experts for failure to testify as to the standard of care."[10] However, Plaintiff has not provided a transcript or summary of the testimony of these witnesses to support her claim.

---

[7] Fed. R. Civ. P. 7(b)(1).

[8] Fed. R. Civ. P. 59, advisory committee's note to the 1966 amendment.

[9] *Intera Corp. v. Henderson*, 428 F.3d 605, 612 (6th Cir. 2005) (quoting *Lack Indus., Inc. v. Ralston Purina Co.*, 327 F.2d 266, 274 (8th Cir. 1964)).

[10] Pl.'s Mot. for New Trial 2. Plaintiff further argues that the testimony of Dr. Frank Ling constituted opinion testimony, which should have been disclosed prior to trial. Just as with Plaintiff's objections to certain trial testimony, Plaintiff has not provided a transcript of Dr. Ling's testimony to establish that he testified as an opinion witness.

Furthermore, Plaintiff never filed a written motion to strike this testimony and has not attached any portion of the transcript to show that such a motion was made in a timely fashion during the trial.[11] In another example of the lack of supporting exhibits in Plaintiff's Motion, Plaintiff argues the Court should have adopted Plaintiff's "Proposed Jury Instruction Number 17." However, Plaintiff has not attached the instruction to her Motion.[12] In fact, based on the Court's review of the record and other submissions of the parties, Plaintiff never proposed a jury instruction "Number 17."[13] Finally, Plaintiff makes a number of arguments concerning Defendant's PowerPoint presentation from closing arguments. Plaintiff has not attached the slides to her Motion to establish with specificity which slides were improper. Without additional proof, the Court finds that Plaintiff has not given Defendant adequate notice of the basis for these arguments.

Likewise, the Court finds that Plaintiff's memorandum offers only the most conclusory assertions to support many of her arguments. For instance, Plaintiff argues that the defense's PowerPoint presentation from closing arguments "contained matters in quotation marks, when such statements were never actually said in the deposition transcripts."[14] Plaintiff also argues that the slides mischaracterized witness testimony by playing two video clips from recorded deposition

---

[11] Def.'s Resp. in Opp'n 2 (stating in response to Plaintiff's claim about the motion to strike that "[i]t is difficult to discern the actual basis for Plaintiff's argument").

[12] *Id.* ("Plaintiff has neither quoted, attached, nor identified where in the record the jury instruction that she asserts this Court should have given to the jury may be found.").

[13] It appears that Plaintiff may be referring to an instruction counsel submitted to the Court by email but which is not found in the record. Plaintiff's Proposed Special Jury Instruction No. 5 cites *Church v. Perales* and addresses the same principle of Tennessee law Plaintiff has argued in her Motion for New Trial. Regardless, Plaintiff did not make her Proposed Special Jury Instruction No. 5 part of the record of the case or attach it to her Motion for New Trial.

[14] Pl.'s Mot. for New Trial 8.

testimony without first playing the questions posed to the witness. Plaintiff further contends that one of the slides purporting to show "jury instructions" was actually defense counsel's interpretation of the law, not an actual jury instruction. However, Plaintiff never identifies which specific slides contained improper materials and never shows precisely why the contents of the slides were misleading or improper.

On the whole, the Court concludes that Plaintiff's Motion fails for lack of particularity under Rule 7(b). As the party bearing the "heavy burden" to demonstrate cause for a new trial,[15] Plaintiff has not given Defendant reasonable notice of the grounds supporting each of her contentions. Plaintiff has filed only one exhibit to support her Motion, a copy of her proposed jury instruction on the future availability of health insurance.[16] Accordingly, Defendant was forced to anticipate arguments, which may or may not have been raised in the first instance by Plaintiff. Although Plaintiff's memorandum was scarcely more than eight pages in length, Defendant filed a response exceeding the normal page limitations, largely because Plaintiff raised a number of arguments without actually giving more particular notice or supporting materials to support her positions. Defendant repeatedly noted that Plaintiff's arguments were vague or unclear and then proceeded to respond to a number of possible readings of Plaintiff's Motion.[17] The Court notes that Plaintiff has not sought leave to file a reply. While a reply brief is not mandatory, a reply from Plaintiff could have substantially clarified the substance of her arguments. Perhaps more importantly, the Court is

---

[15] *Miller*, 989 F.2d at 1466.

[16] *See* Pl.'s Mot. for New Trial, ex. 1.

[17] Def.'s Resp. in Opp'n 2 ("Defendant will address Plaintiff's alleged errors in turn with as much detail as Plaintiff's cursory allegations allow.").

left to speculate about most of Plaintiff's arguments due to the lack of specificity in her memorandum and the total lack of supporting materials. In short, Plaintiff's Motion in many respects does not provide "a fair indication to court and counsel of the substance of the grounds" for the Motion.[18] Therefore, the Motion must be **DENIED** for failure to comply with Rule 7(b).

## II. Waiver of Evidentiary Objections

Even if the Court reached the merits of Plaintiff's Motion, Defendant argues that Plaintiff has waived many of her evidentiary objections by failing to raise them first at trial. Specifically, Defendant asserts that counsel for Plaintiff failed to make timely objections concerning (1) the testimony of Defendant's opinions witnesses (Martin, Quirk, and Defendant herself); (2) Defendant's cross-examination of Plaintiff's life care planner about cost estimates for the care of persons with cerebral palsy; and (3) Plaintiff's opportunity to preview the PowerPoint slides and ensure that video testimony was shown in context.

"A principle that strikes very deep is that a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result."[19] Federal Rule of Evidence 103 provides that a "party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and if the ruling admits evidence, a party, on the record, timely objects or moves to strike; and states the specific ground, unless it was apparent from the context."[20] The Sixth Circuit has long held that a party's failure to make a contemporaneous objection to the admissibility of evidence constitutes a waiver of the

---

[18] Fed. R. Civ. P. 59, advisory committee's note to the 1966 amendment.

[19] 11 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2805 (3d ed.).

[20] Fed. R. Evid. 103(a)(1).

claim.[21] In the specific context of an expert or opinion witness, the Sixth Circuit has held that the objecting party "was required to contemporaneously object to the testimony at trial in order to preserve the issue of its admissibility for appeal."[22] The Sixth Circuit has affirmed a district court's denial of a Rule 59 motion where the party seeking a new trial failed to make a timely objection to the admissibility of expert testimony at trial.[23]

The Court holds that Plaintiff has waived any objection to the admissibility of opinion testimony as well as Defendant's cross-examination of Plaintiff's life care planner.[24] As the party

---

[21] *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 698 (6th Cir. 2001); *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 380 (6th Cir. 1997); *Am. Anodco, Inc. v. Reynolds Metal Co.*, 743 F.2d 417, 424 (6th Cir. 1984); *Metcalf v. United States*, 195 F.2d 213, 216–17 (6th Cir. 1952) ("It is the well settled rule that objections to evidence should be timely made when the evidence is offered, and that it is within the discretion of the trial judge to sustain or overrule a motion, delayed until the close of the Government's case, to strike from the consideration of the jury evidence previously received without objection."); *see also* 3B Peter J. Henning, *Fed. Prac. & Proc. Crim.* § 842 (4th ed.) ("Failure to [raise a contemporaneous objection] will ordinarily bar review of [a party]'s claim either on a subsequent motion or on appeal, except for plain error.").

[22] *Ardingo v. Local 951, United Food & Commercial Workers Union*, 333 F. App'x 929, 943 (6th Cir. 2009) (citing *Conwood Co., L.P. v. United States Tobacco Co.*, 290 F.3d 768, 791–92 (6th Cir. 2002)).

[23] *Clarksville-Montgomery Cnty. Sch. Sys. v. United States Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991) ("The district court ruled that Clarksville failed to make a timely objection to the admission of Dr. Churg's deposition testimony and thereby waived its right to challenge the deposition . . . . We find the district court's decision to overrule Clarksville's objection to the Churg deposition to be an exercise of sound discretion."); *see also Tam v. Harrah's Tunica Corp., Inc.*, No. 08-2812-STA-tmp, 2012 WL 2681810, at * 3 (W.D. Tenn. July 6, 2012) ("A party may not seek a new trial on grounds not brought contemporaneously to the trial judge's attention. The courts recognize a narrow exception to this waiver rule where a trial error is so fundamental that gross injustice would result were it not corrected.") (quoting Baiker-McKee *et al.*, *Federal Civil Rules Handbook* 1127 (2010)).

[24] The Court will consider the issue of Defendant's closing argument and PowerPoint slides separately below.

seeking a new trial, Plaintiff bears the burden to show that she properly preserved these issues with contemporaneous objections at trial. Without such proof, Plaintiff is not entitled to the relief she seeks. First, Plaintiff failed to make contemporaneous objections to Defendant's introduction of opinion testimony proffered by Dr. Martin, Dr. Quirk, or Defendant herself. Here again Plaintiff has not provided the Court with specific excerpts of the trial transcript, which would establish what these witnesses testified to or that Plaintiff properly preserved an objection. The record only shows that in the course of arguing Defendant's Rule 50 motion for a directed verdict at the close of the proof, counsel for Plaintiff stated, "What I was shocked about, quite frankly, Judge, and we've been through every one of their witnesses, not a one of them, none, not Martin, not Dr. Schucker, not Dr. Dwight Rouse, not Dr. Quirk, no one said what the standard of care was, not a one of their witnesses."[25] Counsel's comment came after the opinion witnesses had concluded their testimony and at the conclusion of all the proof. Moreover, counsel's comment was not a motion to strike but merely a response to Defendant's argument that Plaintiff had failed to prove the standard of care. The Court holds that the absence of a contemporaneous objection to the opinion testimony of each of these witnesses amounts to a waiver of the objection. Therefore, Plaintiff's Motion for New Trial is **DENIED** as to this issue.

Second, Plaintiff failed to make contemporaneous objections to Defendant's cross-examination of David Stewart, Plaintiff's life care planner. Counsel questioned Stewart on cross about studies conducted by the Centers for Disease Control estimating the costs of future care for persons with cerebral palsy. Plaintiff now argues that this testimony was not admissible because

---

[25] Trial Tr. 16:8–13, Sept. 5, 2013 (Page ID 5735).

"Defendant never showed that there was a recognized alternative way to make such calculations."[26] Just as with her objection to Defendant's opinion witnesses, Plaintiff has not shown from the record where and how counsel made a timely objection. Therefore, Plaintiff's Motion for New Trial is **DENIED** as to this issue.

### III. Jury Instructions

Plaintiff asserts that the Court erred in declining Plaintiff's request for certain jury instructions. Defendant responds that Plaintiff waived objections to the Court's refusal to give Plaintiff's proposed instruction "Number 17" or the proposed instruction addressed to life insurance. The Court's refusal to give a requested jury instruction will support a motion for new trial "if (1) the omitted instruction is a correct statement of the law, (2) the instruction is not substantially covered by other delivered charges, and (3) the failure to give the instruction impairs the requesting party's theory of the case."[27] The Court considers the jury instructions as a whole "to determine whether they fairly and adequately submitted the issues and applicable law to the jury."[28] A new trial is not required based on flaws in the jury instructions "unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law."[29] In order to preserve objections to jury instructions, a party must not only object prior to the Court's charge to the jury but also renew the

---

[26] Pl.'s Mot. for New Trial 6.

[27] *Cummins*, 727 F.3d at 510 (quoting *Taylor v. TECO Barge Line, Inc.*, 517 F.3d 372, 387 (6th Cir. 2008)).

[28] *Nolan v. Memphis City Sch.*, 589 F.3d 257, 264 (6th Cir. 2009) (quoting *Arban v. West Pub. Corp.,* 345 F.3d 390, 404 (6th Cir. 2003).

[29] *Id.*

11

objection after the jury receives its instructions.[30]

The Court holds that Plaintiff waived her objections to the jury instructions by not renewing her objections after the Court read the instructions to the jury. When the jury retired for deliberations, the Court asked each party whether it had any objections to the jury instructions as read. Counsel for Plaintiff responded that he did not have any objections on behalf of Plaintiff.[31] Counsel's failure to raise or renew an objection to the instructions as read to the jury constitutes a waiver, making denial of Plaintiff's Motion for New Trial proper for this reason alone. Plaintiff's act of proposing the instructions during the charge conference is simply insufficient to preserve an objection.[32] Therefore, the Court declines to consider Plaintiff's objections.

Even if the Court did reach the merits, Plaintiff's objections are not well-taken. With respect to Plaintiff's proposed instruction "Number 17," the Court holds that the instruction did not relate to Plaintiff's theory of the case. Plaintiff's theory of the case was that Defendant negligently supervised the medical residents providing the care for Ms. Calaway during her labor and delivery. By contrast, Plaintiff's proposed instruction concerned a very different scenario, the physician's duty to "make arrangements for a competent person to attend the patient in the physician's absence . . . . when a physician is temporarily unable to attend a patient personally."[33] As Plaintiff concedes, "the factual situation in the present case was not identical" to the issue presented in *Church*.[34] Therefore,

---

[30] *Scott v. Miller*, 361 F. App'x 650, 652 (6th Cir. 2010).

[31] Trial Tr. 3:21–4:1, Sept. 5, 2013 (Page ID 5752–5753).

[32] *Howe v. City of Akron*, 723 F.3d 651, 660–61 (6th Cir. 2013).

[33] *Church v. Perales*, 39 S.W.3d 149, 155–56 (Tenn. Ct. App. 2000).

[34] Pl.'s Mot. for New Trial 3.

Plaintiff has not met her burden to show that the failure to give the proposed instruction impaired her theory of the case.

As for the Court's decision not to adopt Plaintiff's proposed instruction on the subject of future medical expenses and possible insurance discounts for Plaintiff's care, the Court holds that Plaintiff has failed to show how she suffered prejudice. The jury returned a special verdict finding in favor of Defendant on the issue of liability. As such, the jury never reached damages and what effect, if any, possible insurance discounts might have on the measure of damages. A plaintiff cannot prove prejudice from the refusal to give an instruction on damages where as here the jury returns a special verdict finding for a defendant on the issue of liability and never reaches the question of damages.[35] Furthermore, the Court specifically instructed the jury "that speculation about insurance or other assistance that might be available in the future should play no part in your deliberations."[36] This instruction cured any prejudicial effect Defendant's line of questioning may have had. Therefore, Plaintiff's Motion for New Trial is **DENIED** as to the jury instructions.[37]

**IV. Testimony of Frank Ling, M.D.**

Next, Plaintiff has moved for a new trial based on Defendant's failure to disclose Dr. Frank Ling as an opinion witness. Plaintiff claims that Dr. Ling's testimony about the University of Tennessee's policies for supervising residents amounted to proof of the standard of care. Defendant

---

[35] *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 355 (6th Cir. 2002) *holding modified by Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776 (6th Cir. 2003).

[36] Jury Instructions 30 (Page ID 5439).

[37] The same reasoning applies to Plaintiff's argument that the defense improperly "inject[ed] the subject of insurance into the trial" by cross-examining Plaintiff's life care planner about insurance discounts for future medical care.

responds that Dr. Ling was a fact witness who simply filled in a gap in the testimony of Plaintiff's own expert Dr. Helen Barnes. Dr. Barnes had previously testified that Dr. Schucker was required to comply with the medical school's policies for the supervision of residents. Dr. Barnes testified she did not know what the policies were. Therefore, Defendant maintains that Dr. Ling's testimony concerned the scope of the policy, and not the standard of care.

The Court finds that Defendant has the better of this argument. Federal Rule of Civil Procedure 26(a)(2) requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present [opinion] evidence."[38] Under Tennessee law, a hospital's (or in this case a medical school's) own policies and procedures are not a substitute for proof of the standard of care.[39] The Tennessee Court of Appeals has observed that "internal hospital policies [are] possibly relevant when accompanying competent expert testimony."[40] Thus, Dr. Ling's testimony about UT policies and procedures, standing alone, was not the kind of standard of care testimony only an opinion witness might provide. Instead Dr. Ling's testimony supplemented Dr. Barnes's testimony about the policies of the medical school, namely by spelling out what UT's policies were. The Court finds that Dr. Ling testified as a fact witness, and not an opinion witness. It was not necessary then for Defendant to disclose Dr. Ling as an opinion witness. Therefore, Plaintiff's Motion for New Trial is **DENIED** as to this issue.

---

[38] Fed. R. Civ. P. 26(a)(2).

[39] *Flatt v. Claiborne Cnty. Hosp. & Nursing Home*, No. E2009-01341-COA-R3-CV, 2010 WL 1404389, at *3 (Tenn. Ct. App. Feb. 3, 2010); *Geesling v. Livingston Reg'l Hosp., LLC*, M2007-02726-COA-R3-CV, 2008 WL 5272476, at *6 (Tenn. Ct. App. Dec. 18, 2008).

[40] *Prewitt v. Semmes-Murphey Clinic, P.C.*, W2006-00556-COA-R3-CV, 2007 WL 879565, at *16 (Tenn. Ct. App. Mar. 23, 2007).

**V. Closing Arguments**

Plaintiff's remaining assignments of error concern Defendant's use of a video as part of a PowerPoint presentation during closing arguments. The Court holds that Plaintiff has not met her burden to show that Defendant's closing argument would warrant a new trial. As previously noted, Plaintiff has not shown with specificity which precise video excerpts were taken out of context or misquoted during the defense's closing. Denial of the Motion for New Trial is proper for this reason alone.

Even on the merits, Plaintiff has not carried her burden to show that a new trial is necessary to avoid an injustice. Plaintiff contends that the Court should not have allowed counsel for Defendant to replay witness testimony in his closing argument or at the very least not without allowing counsel for Plaintiff to preview the videos first. Plaintiff has cited no authority for the proposition that the replay of video testimony is prohibited outright. Even the Kentucky case cited by Plaintiff recognized that there is no per se ban on the use of video excerpts of depositions in closing arguments.[41] As a result, Plaintiff's argument is unsupported. As for Plaintiff's contention that the Court should have granted counsel an opportunity to preview the entire PowerPoint presentation before the defense used it, the only authority cited by Plaintiff for this procedure is a non-binding decision from the Kentucky Supreme Court. Plaintiff has not cited any decision of the Sixth Circuit or any other Circuit requiring that a district court allow an opposing party the chance to preview video footage before it is shown in closing. Therefore, the Court finds Plaintiff's

---

[41] *Morgan v. Scott*, 291 S.W.3d 622, 636 (Ky. 2009); *see also* 88 C.J.S. *Trial* § 300 (2013) ("[T]here is no blanket prohibition against counsel playing selected portions of a videotaped deposition for a jury during closing argument, and trial courts have discretion to permit, or to refuse, the replaying of videotape segments in closing argument.").

procedural argument to be without merit.

Moreover, Plaintiff has not shown that the defense misquoted or took video testimony out of context. The Court must emphasize that Plaintiff has not claimed Defendant displayed video that was never entered into evidence. Plaintiff's assignments of error relate only to characterizations of the testimony or law made in the defense's closing PowerPoint slides. Generally speaking, when deciding a motion for new trial based on the opposing party's closing argument, the Court should consider the following factors: the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case (e.g. whether it is a close case), and the verdict itself.[42] Here Plaintiff has not shown that Defendant's characterization of the evidence or law improperly influenced the outcome of the trial. Plaintiff has not even specified which PowerPoint slides contained the inappropriate comments or mischaracterizations. Without more, the Court cannot say that counsel for Defendant acted improperly.

Even if Plaintiff had shown that counsel for Defendant made improper comments during closing, the Court finds that Plaintiff suffered no prejudice as a consequence of the alleged misconduct. The Court will grant a new trial only "if there is a reasonable probability that the verdict was influenced by the improper argument."[43] Attorney misconduct is not prejudicial unless it is "so pronounced and persistent that it permeates the entire atmosphere of the trial."[44] In addition to her

---

[42] *Balsley v. LFP, Inc.*, 691 F.3d 747, 761 (6th Cir. 2012); *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 756 (6th Cir. 1980).

[43] *Mich. First Credit Union v. Cumis Ins. Soc., Inc.*, 641 F.3d 240, 249 (6th Cir. 2011).

[44] *United States v. Lynch,* Nos. 85–5171, 85–5196, 85–5217, 1986 WL 17300 (6th Cir. July 8, 1986); *see also Bridgeport Music, Inc. v. Justin Combs Publ'g*, 507 F.3d 470 (6th

failure to specify which of the defense's PowerPoint slides contained misquotes or statements out of context, Plaintiff has not shown that opposing counsel's conduct was so egregious that it "permeate[d] the entire atmosphere of the trial." Furthermore, the Court specifically instructed the jury that statements of counsel were not evidence, which presumptively cured any possible prejudice.[45] Therefore, the Court holds that Plaintiff has not shown an entitlement to a new trial on the basis of the closing arguments.

## VI. Plain Error

Plaintiff has not argued that any of the allegedly erroneous rulings constituted plain error. "To show plain error, a [party] must establish the following: (1) error, (2) that is plain, and (3) that affects substantial rights."[46] Once these three conditions are met, the Court can consider whether "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."[47] Because Plaintiff has not raised this argument in support of her Motion for New Trial, the Court declines to consider it further.

---

Cir.2008)

[45] *Mich. First Credit Union*, 641 F.3d at 249.

[46] *Griffin v. Finkbeiner*, 689 F.3d 584, 597–98 (6th Cir. 2012) (quotation omitted).

[47] *Id.*

## **CONCLUSION**

Plaintiff has failed to carry her burden to show why a new trial is necessary to prevent an injustice. Therefore, Plaintiff's Motion for New Trial is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 8, 2013.